Powell, Appellant, v. Sonntag.

Argued April 16, 1946. Before BALDRIGE, P. J., RHODES, HIRT, RENO, DITHRICH, ROSS and ARNOLD, JJ.

*George Bloom,* with him *Bloom & Bloom,* for appellant.

*Samuel Goldfarb,* for appellee.

OPINION BY ARNOLD, J., July 19, 1946:

In this workmen's compensation case the sole question is whether the board abused its discretion in refusing rehearing to the defendant. That discretion is statutorily vested in it, and not in the courts. The defendant took an appeal from the board's refusal to the court of common pleas. The board's discretion is not subject to review except if its discretion be abused:

*Barton v. Pittsburgh Coal Co.,* 113 Pa. Superior Ct. 454, 173 A. 678. When the appeal reached the common pleas, therefore, the court below could not substitute its discretion for that of the board.

The claimant was awarded compensation by a referee's order of May 3, 1944. The defendant did not appear or defend, nor was any appeal taken to the board. The time for appeal from the referee's decision to the board under §423 of the Workmen's Compensation Act (77 P..S. 853) is twenty days, and cannot be enlarged in the absence of fraud, deception, coercion or duress. In addition to an appeal a party has a right to apply to the board for a rehearing under §418 (77 P.S. 833) at any time within one year. It is perfectly clear that a petition for a rehearing is not a substitute for an appeal, otherwise the time for an appeal would be fixed at one year.

Under §418 (77 P.S. 833) "the findings of fact made by a referee . . . shall be final, unless an appeal is taken . . ., or unless the board shall . . . grant a hearing de novo or a rehearing [petitioned for within one year]." Here, therefore, the decision of the referee was final and conclusive, as were also his findings of fact (there having been no appeal to the board within twenty days) unless a rehearing was granted.

On October 16, 1944, more than six months after the award, defendant petitioned the board for a rehearing. Actually it was a petition to open the judgment and be let into a defense (a) that defendant's son and not the defendant was the employer, (b) that in any event the employment was casual, or (c) that the claimant was an independent contractor. These defenses were fully available at the time of the hearing. There was no allegation of any after-discovered evidence.

If the petition merely set forth defenses to the action and offered no excuse for not submitting those defenses to the referee, obviously the board could not be convicted of an abuse of discretion, but on the contrary the grant

of a rehearing would be an abuse of discretion. This is true because the defendant admittedly received a copy of the claim petition filed, together with notice to file an answer in ten days, and its assignment to the referee for hearing on January 13, 1944, at Washington, Pa.; and does not deny that she received notice that the hearing was postponed, or that she received notice of the hearing to be held March 17, 1944, at the court house in Washington, Pa.; or that she received notice about May 3, 1944, of the referee's award, and that she ignored all of these notices. Both the claimant and the defendant live in Washington, Pa., and the defendant's petition for a rehearing avers that she also had actual, personal knowledge of the accident at or about the day it occurred.

The real question is the excusatory averments of her petition. See the exhaustive analysis of Chief Justice KEPHART as to all the various phases of such excuses in *Nixon v. Nixon*, 329 Pa. 256, 198 A. 154, the compensation cases being referred to at p. 259. There is no allegation of fraud, coercion, deception or duress. The grant of a rehearing is not an act of indulgence, nor have the cases ever gone so far as granting a rehearing merely to prevent hardship. Appellee cites *Fedak v. Dzialdowski*, 101 Pa. Superior Ct. 346, as a case where the board was reversed for not granting a rehearing. But in that case the claimant's petition for a rehearing averred that "she discovered additional material evidence not discoverable by reasonable diligence before [which would take the case out of the casual employment rule]", and also averred that "her ignorance of and unfamiliarity with English and with her rights prevented her from adequately advising her counsel of essential facts." This court decided that with such averments it was an abuse of discretion to refuse the rehearing.

Her excusatory matters, if accepted as true, were:

(a) That she is sixty-eight years of age. That, of course, is immaterial, although the results of her age may be material.

(b) That she is "uneducated". What is meant by this term she does not state, although its meaning is relative. A very large proportion of claimants are uneducated. That she is "uneducated" cannot excuse her, it being admitted at bar that she could read.

(c) That she "at no time realized or understood the nature or meaning of the petition filed against her". This is another generality. It does not state whether her failure to realize and understand was because she refused to read that which she could read, or refused to believe what was stated in the paper, or whether, as claimant contends, she simply ignored the papers. Why she did not realize or understand is not stated. She made no averment that she did not realize or understand the final order of the referee which she received about May 3, 1944.

(d) That she did not counsel with anyone concerning the same. No explanation is offered why she did not, and this means no more than that she admittedly ignored the proceeding and award.

(e) That she is "infirm". This is another generality the meaning of which is relative. She does not aver an inability to defend because she was infirm. When she got around to it neither her age, infirmity nor alleged lack of education prevented her seeking relief against the award. She does not explain why she could not present her defense to the referee, just as she presented it to the board in her petition.

(f) That "she did not know or realize her situation" until "the latter part of August, 1944 [when the district attorney told her she was to be indicted for failure to carry workmen's compensation insurance.]" What is meant by the word "situation" is left somewhat to the imagination. If it means she did not realize that she had a suit for compensation filed against her and an award made, it still does not appear what prevented her from knowing or realizing it. It may be observed, however, that with complete knowledge "of her situa-

tion" in the latter part of August, her affidavit to her petition for a rehearing was not made until October 13, 1944, at least forty-three days later.[1] If she had been apprised "of her situation" on the date of the award, May 3, 1944, she had to take an appeal to the board in twenty days, and a wait of forty-three days would be fatal. The most that the petition implies (though not averred) is that the defendant was ignorant of the law, which of course does not excuse.

On the other hand, it seems incredible that this woman, who could read and speak the English language, and who knew of the accident on the day of its occurrence, and who had a forty-three year old son who lived in the house at which the accident occurred,[2] did not understand that a claim was made against her for workmen's compensation by the two employes *who had previously worked for her*. For aught that appears in the petition, if a rehearing was granted in a case like this, it would have to be granted in every case of a claimant or a defendant who does not bother to appear and then asks leave, long after the award, to introduce testimony available at the time of the hearing. After careful search we can find no case where a rehearing was ever granted to any party who had not appeared before the referee, and in such an instance it would certainly have to be shown that the party had been prevented, for some good reason, from defending. To hold otherwise is to impose upon claimants a burden which, under the terms of the act relating to service of petition, notice of hearing and the time for taking appeals, no claimant ought to have to bear.

The court below did *not* state in its opinion that the board abused its discretion in refusing the rehearing. On the contrary it stated: "In the interest of justice, in view of defendant's disabilities, she should be heard

---

[1] The petition was filed October 16, 1944.

[2] Defendant averred that she "gave" this house to her forty-three year old son. She did not aver that she made him a deed therefor.

and represented by counsel", and "in the interest of justice a further and more complete hearing should be held". Both of these statements savor of an "indulgence". At most it is but a substitution of the court's discretion for the discretion of the board in a matter confided by the statute entirely to the board. Probably with the realization that there could not be an indulgence granted the defendant, the court below sought to buttress its opinion by certain other matters. In the first place the court reviewed the record exactly as it would on appeal, although the time for an appeal had long gone by. After reviewing the record the court said: "There is no finding of fact that the defendant was engaged in the real estate business, nor that she received any rent from the property in question, nor that the management of her own property furnished her support and means of livelihood [the defendant claiming that the employment was casual.]" §104 of the Workmen's Compensation Act as amended (77 P.S. 22) defines the term "employe" and *excludes* from the term "persons whose employment is casual in character and not in the regular course of the business of the employer". Where there is a finding that the claimant is an employe, the courts may only reverse where the evidence discloses that the employment is casual, and the referee is not required to make an express finding that the employment is not casual: *Boyd v. Philmont Country Club et al.*, 129 Pa. Superior Ct. 135, 195 A. 156.

Likewise the court below was in error in its analysis as to the testimony not supporting the findings of fact. It is not correct "that the claimant continually refers to the defendant in the plural as 'they'". On the contrary the claimant flatly testified that he was employed by Mrs. Martha Sonntag. He also testified that the work was being supervised for the defendant by her son. Thereafter on occasions in his testimony claimant referred to the defendant as "they". This is a very usual designation where the defendant is acting through an

agent. The testimony showed (a) that the defendant employed the claimant, and (b) that the defendant "makes her living that way [by her real estate business]", that she made her own repairs and collected her own rent, and that the claimant "was hired to keep all repair on all buildings, there was no set time", and that the materials for repairs were furnished by the defendant. The testimony before the referee in the companion case of *Lester H. Supler v. Martha Sonntag* (in this court on appeal on the same question) was made part of the testimony before the referee in this case. The testimony also shows that each of these claimants had worked on the same building a couple of months before and *were to move on to work on another building of the defendant after the present work.* The findings of fact were supported by the testimony, and these findings were sufficient to sustain the award. The court below referred to the testimony as having been "ex parte" but it was not ex parte when the defendant was given the opportunity to appear and failed to do so: *Gliwa et al. v. United States Steel Corporation et al.,* 322 Pa. 225, 185 A. 584. Under the testimony the defendant was liable and no award ought to be set aside by means of a rehearing unless the defendant, through no fault of her own, was prevented or hampered in presenting her defense. This case is barren of any such situation. To the board alone belongs the function to find the facts and to exercise the discretion. There was no abuse of discretion by the board.

The purpose of a rehearing is to take testimony not offered at the original hearing, either because it was not available, or because of some actual disability of the petitioner existing at the time. Both grounds existed in *Fedak v. Dzialdowski,* 101 Pa. Superior Ct. 346. It is not to be granted as an indulgence to a party who, being informed as to each step in the proceeding, declines to defend, and *after* the cause goes against him offers a defense. This is particularly true where, as here, the

defendant had actual knowledge of the accident. To grant a rehearing as a matter of indulgence to a party who could, but did not defend, is to make futile the board's processes, to delay each cause, and to make no award stable until the expiration of one year.

The order granting rehearing is reversed.

RHODES, J., dissents.