Tankin, Inc. *v.* Williams.

Argued May 6, 1971, before Judges KRAMER, WILKINSON, JR., and ROGERS, sitting as a panel of three.

*David L. Pennington,* with him *Liebert, Harvey, Herting, Short & Lavin,* for appellant.

*Richard A. Weisbord,* with him *Freedman, Borowsky and Lorry,* for appellee.

OPINION OF THE LOWER COURT, REIMEL, J., February 8, 1971:

This matter is before the court on an appeal by petitioner, Tankin, Inc., from a July 16, 1970 decision of the Pennsylvania Workmen's Compensation Board. The board denied Tankin, Inc.'s petition for rehearing and for allowance of an appeal nunc pro tunc. Tankin, Inc., by its petition to the board challenged the referee's decision dismissing the claim petition of the appellee-claimant, Russell Williams.

In 1963, the claimant filed his claim petition against Tankin, Inc., alleging that while he was in the course of his employment with Tankin he was accidentally injured. On May 27, 1968, after several continuances, a hearing was scheduled before Referee Howard Saul Marcu. Present at that hearing were the claimant, the secretary-treasurer of petitioner's corporation who is also an attorney, counsel for claimant, and counsel for petitioner's insurance carrier. At the hearing, with the approval of the claimant, counsel for the claimant and counsel for petitioner's insurance carrier stipulated that claimant was not within the course of his employment at the time of the accident on October 26, 1962.

On May 29, 1968, Referee Marcu disallowed claimant-appellee's claim petition No. 175,792, concluding

as a matter of law that the claimant was not an employee of the defendant at the time of the alleged accident. The decision of the referee was circulated to all the parties including petitioner on June 11, 1968.

Over a year later on September 12, 1969, a petition for rehearing and a petition for allowance of appeal nunc pro tunc was filed with the Workmen's Compensation Board by Tankin, Inc.'s attorneys. Petitioner appealed to the board that the order of Referee Marcu was entered as a result of the equivalent of fraud, improper conduct on the part of persons involved in the Workmen's Compensation proceeding or other misconduct justifying setting said order aside. Furthermore, it was alleged that the order of the referee was not based upon any record or upon evidence presented but upon a stipulation which is specifically contrary to fact.

The board denied Tankin's petition for rehearing and allowance of appeal nunc pro tunc. The board concluded that petitioner made neither specific allegations of fraud nor produced evidence of fraud and that even if petitioner's allegations had been sufficient to warrant a rehearing, Tankin's petitions for rehearing and allowance of appeal nunc pro tunc were nonetheless out of time.

The law in Pennsylvania is clear that an aggrieved party may appeal a decision of a referee within twenty days after notice of the referee's award or disallowance of compensation. The grounds for such an award may be either that the referee committed an error of law or made unwarranted findings of fact. Where the appeal is predicated on an unwarranted finding of fact or on the ground of fraud, a rehearing or hearing de novo may be ordered in the board's discretion. The decision of the Workmen's Compensation Board may be reviewed by the Court of Common Pleas only on the ground that the board committed an error of law.

It is unquestioned that the findings of fact and conclusions of law of the referee are final unless an appeal is taken. Such appeal must be taken within twenty days after notice of the referee's decision. The Supreme Court of Pennsylvania has held that an appeal taken after twenty days cannot be heard by the board in the absence of fraud, deception, coercion, or duress which prevented the aggrieved party from appealing. *Wise v. Borough of Cambridge Springs,* 262 Pa. 139.

Thus since Tankin, Inc. did not file its appeal until nearly sixteen months after the referee disallowed the claim petition, the only issue before this court is whether the Workmen's Compensation Board committed error of law in failing to permit the defendant's appeal nunc pro tunc. In short, the issue is simply whether the board committed error in failing to find fraud or deception preventing the defendant from filing an appeal within twenty days after notice of the referee's decision was served upon the defendant.

Nowhere in the defendant's petition for rehearing or petition for allowance of appeal nunc pro tunc were there any allegations of facts which if supported by evidence heard by the board, would support a finding of fraud. Where an appeal is grounded on an allegation of fraud, the granting of a rehearing or hearing de novo is discretionary with the board. Only in the instance of a clear abuse of discretion may the Court of Common Pleas reverse the Workmen's Compensation Board. The court may not substitute its discretion for that of the board. *Powell v. Sonntag,* 159 Pa. Super. 354.

The record does not reveal a clear abuse of discretion by the board. This court, therefore, enters the following:

ORDER

And now, to wit, this 7th day of January 1971, the petitioner's appeal from the Workmen's Compensation Board is dismissed.

PER CURIAM OPINION, May 20, 1971:

The only question presented to this Court by the appellant (the employer) is whether the Workmen's Compensation Board abused its discretion in refusing to grant the prayer of appellant's petition for rehearing and for allowance to appeal nunc pro tunc (about fourteen months after the statutory time for appeal.)

After argument and a review of the record and opinion of the Board and the court below, we hold that the Board did not abuse its discretion. We adopt and affirm the well reasoned lower court opinion of Judge Theodore L. REIMEL.

Affirmed.