Dinges Transfer and Potomac Insurance Company, Appellants, *v.* Workmen's Compensation Appeal Board and Paul Dinges, Appellees.

Argued September 10, 1974, before Judges KRAMER, MENCER and BLATT, sitting as a panel of three.

*Neil B. Murchison,* with him *Sullivan & Murchison,* for appellants.

*James N. Diefenderfer,* for appellees.

Opinion by Judge Kramer, October 17, 1974:

This is an appeal from a decision of the Workmen's Compensation Appeal Board (Board) dated December 13, 1973. That decision remanded this case to the referee of the Sixth Compensation District for a further hearing on the claimant's petition for reinstatement.

On or about February 16, 1965, Paul Dinges (claimant) sustained an injury while engaged in his employment with Dinges Transfer (employer). On April 1, 1965, the claimant entered into a compensation agreement with Potomac Insurance Company (carrier).

On September 13, 1966, a petition to modify was filed on behalf of the employer and the carrier. After several hearings and an appeal to the then Workmen's Compensation Board, the referee for the Sixth Compensation District, on December 2, 1971, entered an award in favor of the claimant, granting him total disability payments for the period from December 6, 1965, to September 28, 1971, and terminating all compensation thereafter. There was no appeal filed from that award.

The claimant filed a petition to reinstate on June 13, 1972, alleging that he was totally disabled as a result of his 1965 injury. On July 10, 1973, after the claimant had failed to appear at several scheduled hearings, the referee dismissed claimant's petition.

Over two months later, on September 12, 1973, the claimant filed an appeal from this dismissal with the Board. The employer and the carrier filed a motion to

quash the appeal, averring that the appeal had been taken after the expiration of the 20-day statutory limit and was therefore improper. In its opinion of December 13, 1973, the Board acknowledged the lateness of the appeal, but said: "we shall treat the appeal as a petition to reinstate the compensation agreement filed as of February 12, 1973." The opinion then reversed the July 10, 1973 referee's decision and remanded the case to the referee for a hearing on the claimant's original (June 13, 1972) petition to reinstate. The employer and the carrier appealed to this Court.

Our scope of review in workmen's compensation cases is limited to a determination of whether the referee's action is supported by substantial evidence, a violation of constitutional rights has occurred, or an error of law committed. *David v. Bellevue Locust Garage,* 12 Pa. Commonwealth Ct. 602, 604, 317 A. 2d 341, 342 (1974).

The only issue presented by this appeal is a purely procedural question of law. The Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P. L. 736, §423, *as amended,* 77 P.S. §853, allows appeals to the Board if taken within 20 days after notice of a referee's decision. In this case the claimant delayed for over two months before prosecuting his appeal. Pennsylvania courts have consistently held that appeals nunc pro tunc will not be allowed unless there is a showing that fraud, duress, or coercion was responsible for the delay. See *Wise v. Cambridge Springs Borough,* 262 Pa. 139, 144, 104 A. 863 (1918); *Riley Stoker Corporation v. Workmen's Compensation Appeal Board,* 9 Pa. Commonwealth Ct. 533, 536, 308 A. 2d 205, 206 (1973); *Tankin, Inc. v. Williams,* 2 Pa. Commonwealth Ct. 361, 364, 277 A. 2d 835, 837 (1971); *Morgan v. Pittsburgh Business Properties, Inc.,* 198 Pa. Superior Ct. 254, 258, 181 A. 2d 881, 883 (1962). No such showing has been

made here, nor has such a contention even been advanced.[1]

The opinion of the Board indicates that it was under the mistaken impression that it had the discretionary authority to disregard the statutory time limit for appeals. The Act confers no such authority upon the Board. Further, the Board's election to treat the appeal "as a petition to re-instate the compensation agreement" was improper, since Section 413 of the Act, 77 P.S. §772, specifically provides that such petitions must be filed with the Department of Labor and Industry.

In light of the above, we

### Order

And Now, this 17th day of October, 1974, based upon the above discussion, it is ordered that the decision of the Workmen's Compensation Appeal Board, dated December 13, 1973, remanding the case to the referee, is hereby vacated.

---

[1] The attorney for appellees in this case did not file a brief and did not appear for oral argument, even though an appearance was entered.