McBride Transportation Company, Inc., Petition-
er *v.* Commonwealth of Pennsylvania, Workmen's
Compensation Appeal Board and Richard L.
Parker, Respondents.

McBride Transportation Company, Inc., Petition-
er *v.* Commonwealth of Pennsylvania, Workmen's
Compensation Appeal Board and Richard L.
Parker, Respondents.

Submitted on briefs, March 10, 1980, to President Judge CRUMLISH and Judges ROGERS and WILLIAMS, JR., sitting as a panel of three.

*J. Bruce Walter, Rhoads, Sinon & Hendershot,* for petitioner.

*George W. Teets, Mattes, Mattes & Mattes, P.C.* for respondents.

OPINION BY JUDGE ROGERS, April 18, 1980:

McBride Transportation, Inc. (McBride) has filed appeals from two orders of the Workmen's Compensation Appeal Board (Board) granting compensation to Richard L. Parker (claimant) for disability from a work-related injury.

On June 2, 1977, Parker, a resident of Pennsylvania, filed a claim petition alleging disability from an injury sustained in Pennsylvania while in the course of his employment with McBride, a New York trucking firm. Hearings were held before referee

Harry C. Shayhorn at which neither McBride nor anyone on its behalf appeared. Neither had McBride at this time notified its insurance carrier of Parker's claim. By order dated January 9, 1978, the referee awarded compensation. The referee's order was circulated January 18, 1978.

On or about January 23, 1978, McBride mailed to referee Shayhorn, with copy to the Board, the following letter, dated January 23, 1978:

Dear Sir:

Reference Richard L. Parker, Route 191, Cresco, Pa. 18326.

(1.) Richard L. Parker was employed at our Goshen, New York Terminal.

(2.) Richard L. Parker belonged to the International Brotherhood of Teamsters Local 445 and was covered by disability with them. I have enclosed the forms from his personnel file.

(3.) Please note that the New York State Insurance Fund is the Workmen's Compensation Carrier.

(4.) Reference paragraph 4 of your finding of fact, we never employed a tractor owned by Richard L. Parker.

> Very truly yours,
> McBride Transportation, Inc.
> H. Leon McBride, Jr.
> Secretary.

Mr. Shayhorn answered McBride's letter by letter dated February 2, 1978, as follows:

Dear Mr. McBride:

In reference to your letter of January 23, 1978 with accompanying documents, please be advised that I no longer retain jurisdiction of

the matter and recourse must be made by appeal from my decision to the Pennsylvania Workmen's Compensation Appeal Board within 20 days of the date of circulation, January 18, 1978. I suggest that you notify your workmen's compensation carrier, New York State Insurance Fund, of same.

> Very truly yours,
> Harry C. Shayhorn
> Referee

McBride made no other communication to the workmen's compensation authorities until May 18, 1978, when it filed with the Board a Petition for Remand and Rehearing founded upon its letter of January 23, 1978, which it asserted was an appeal from the referee Shayhorn's order of January 9, 1978. Parker filed an answer asserting that no appeal had been filed. The Board dismissed the Petition for Remand and Rehearing by an order dated December 7, 1978, declaring that McBride's letter of January 23, 1978 was not a notice of appeal.

McBride appealed the Board's order of December 7, 1978, to this court and it is docketed to 28 C.D. 1979. Thereafter, Parker and McBride entered into what they entitled a "Stipulation and Agreement" providing for the payment of $8,000 to Parker by McBride and containing the following additional terms:

> 3. As a result of the failure of McBride and his insurance carrier, The State Insurance Fund of New York, to appear before the referee below, the referee rendered his decision awarding compensation to Parker from the evidence available on January 9, 1978, without the benefit of evidence presented by McBride.
>
> 4. The failure of McBride or its representative to appear before the referee arose be-

cause, due to clerical error, McBride failed to notify its carrier prior to the hearing before the referee.

5. McBride, pursuant to a Petition for Remand and Rehearing, docketed before the Board at rehearing 3834, sought to meet the conditions imposed upon Petitioner McBride by its insurance carrier to obtain coverage denied due to McBride's error and to open the award.

. . . .

7. McBride timely filed on January 5, 1979 its Petition for Review with the Commonwealth Court. Said petition was docketed at No. 28 Commonwealth Docket 1979 and served on all parties of record.

8. The instant agreement between McBride and Parker does not permit commutation of payments or varying the amount of the period for which compensation is payable but rather is a nonrefundable payment to Parker by McBride to settle the uncertainty regarding the opening of the award against McBride and to resolve the question of insurance coverage for such compensation as may be ultimately payable. Said payment is designed as reimbursement to Parker for extraordinary expenses incurred as a result of the unusual proceedings in the matter, and in no way is to be considered an advance on any possible future or past compensation award. Said payment has been made upon the mutual execution of the instant stipulation and agreement.

9. The parties hereto stipulate and agree that the Board may remand the case for rehearing to any referee within the terms of 77 P.S. 871 (supp.), as amended 1972, February 8, P.L. 25 No. 12, §3. Said remand shall permit the

State Insurance Fund, 199 Church Street, New York, New York 10007, an opportunity to investigate the claim, examine the Claimant, and present such additional evidence on behalf of McBride as it deems necessary.

. . . .

11. In further consideration of this agreement, Parker will take no further action in proceedings in the Court of Common Pleas of Lackawanna County or elsewhere, until final determination and upon the entry of appearance of the State Insurance Fund of New York before the appointed referee shall withdraw any related garnishment proceedings.

It may be added to the above that McBride's carrier, which has disclaimed by reason of McBride's failure to notify it of the claim, will provide coverage if a hearing on the merits can be obtained.

McBride filed the Stipulation and Agreement, apparently as an inducement to the Board to reconsider its order of December 7, 1978 dismissing McBride's Petition for Remand and Rehearing. In response, the Board entered an order dated April 30, 1979 expressing its opinion that it had no authority to grant a rehearing because its order of December 7, 1978 dismissing McBride's application for rehearing was on appeal to the Commonwealth Court. McBride's second appeal, to 1018 C.D. 1979, is from the order of April 30, 1979.

McBride's contention that its letter to Referee Shayhorn dated January 23, 1976 was an appeal to the Board is wholly without merit. The appeal was not addressed to the Board as required by Section 402 of The Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §711, and it did not state specific exceptions to the referee's

decision as required by regulation at 34 Pa. Code §111.14.

McBride also contends that the Board committed an abuse of discretion in refusing to order a rehearing in the light of the parties' common desire that the matter should be reheard despite McBride's failure to appeal. In fact, as the Board's order of April 30, 1979 reveals, the Board exercised no discretion with respect to a rehearing based on the parties' agreement, in the mistaken belief that it had no power to act while the December 7, 1978 order was on appeal to the Commonwealth Court. Section 426 of the Act, 77 P.S. §871, provides that the Board on petition and for cause at any time before the Commonwealth Court has taken final action on an appeal may grant a rehearing of any petition "or other order or ruling". Hence, the Board in its discretion might have granted a rehearing although McBride had not filed an appeal. The case of *Powell v. Sonntag*, 159 Pa. Superior Ct. 354, 48 A.2d 62 (1946), is instructive. There, as here, a claimant was awarded compensation after a hearing at which the employer did not appeal and defend or thereafter file a timely appeal from the referee's award. The employer later filed a petition for rehearing, which the claimant, unlike the claimant in this case, opposed. The Board refused the application. On appeal, the Superior Court held that the matter was one addressed to the sound discretion of the Board and that since the petition merely set forth defenses to the claim and offered no excuse for not submitting those defenses to the referee, the Board could not be convicted of an abuse of discretion for refusing a rehearing and indeed that the grant of a rehearing would have been an abuse of discretion. Implicit in the decision is the proposition that there may be circumstances in which the grant of a rehearing would not be an abuse of discretion although a

timely appeal has not been taken from the referee's decision. We are impelled therefore to remand the matter to the Board so that it may exercise its discretion to determine whether McBride's Petition for Remand and Rehearing should be granted in the light of the parties' Stipulation and Agreement. In this connection, we observe that the claimant represented by able counsel who is confident that his client will win on the merits and in consideration of the $8000 agreed to be paid by McBride, is willing that the matter should be heard on the merits; and that McBride's insurance carrier which has disclaimed for lack of notice has agreed to provide coverage for McBride if it can defend the claim on the merits.

We therefore enter the following:

### ORDER

AND Now, this 18th day of April, 1980, the Board's orders of December 7, 1978 and April 30, 1979 are vacated and the record is remanded for further proceedings by the Workmen's Compensation Appeal Board not inconsistent with this opinion.

Judge WILLIAMS, JR., dissents.