Kaufmann's Department Store and Underwriters Adjusting Company, Petitioners *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and Vivian Silverberg (Hyman), Respondents.

Argued December 18, 1981, before Judges Mencer, Craig and MacPhail, sitting as a panel of three.

*David M. McCloskey, Will & Keisling,* for petitioners.

*Marshall J. Conn,* with him *Henry Gusky, Plowman & Spiegel,* for respondent, Vivian Silverberg (Hyman).

Opinion by Judge Mencer, March 8, 1982:

Kaufmann's Department Store and its insurer, Underwriters Adjusting Company (petitioners) have appealed from a decision of the Workmen's Compensation Appeal Board (Board) which denied their application for rehearing of a termination petition. We vacate and remand.

Vivian Silverberg Hyman (claimant) was employed as a salesperson by Kaufmann's on November 20, 1972, when she injured her left knee in a work-related accident. She was awarded workmen's compensation benefits for partial disability as a result of this injury. The petitioners filed a termination petition in 1974 which was denied, and partial disability benefits were

continued. On September 6, 1977, the petitioners filed a second termination petition which was also denied, but this time the referee found that the claimant's disability had become greater and awarded total disability benefits.

The referee's decision was appealed to the Board, which upheld the increase in benefits. An appeal was filed with this Court, and the petitioners simultaneously petitioned the Board for a rehearing on the basis of "newly discovered evidence." The Board permitted reargument but did not hear additional evidence and dismissed the petition because "it cannot be said that the claimant now suffers a disability *completely unrelated* to her injury." (Emphasis added.)

> 'The purpose of a rehearing is to take testimony not offered at the original hearing, either because it was not available, or because of some actual disability of the petitioner existing at the time.' Powell v. Sonntag, 159 Pa. Superior Ct. 354, 361, 48 A.2d 62, 66 (1946). The petitioner must aver that the alleged evidence was obtained after the hearing and that, even by the exercise of ordinary diligence, it could not have been presented at the hearing. Schach v. Hazle Brook Coal Company, 130 Pa. Superior Ct. 430, 198 A. 464 (1938).

*Fetzer v. Michrina,* 8 Pa. Commonwealth Ct. 273, 276-77, 301 A.2d 924, 926 (1973).

In the present case, the Board dismissed the petition for reargument without taking evidence on these factual issues. In effect, the Board said that, even if this evidence were newly discovered and totally true, it could not have affected the referee's determination. We disagree.

The new evidence upon which the petition for rehearing was based consisted of a letter from a Dr. Ferguson which stated that he had performed surgery

on the claimant on October 12, 1978 to replace her left hip because of degenerative arthritis which developed after a fall "approximately a year prior to admission." The date of admission was between September 29, 1978 and October 12, 1978, placing the date of the alleged fall near September 30, 1977.[1]

This date is important because the petitioner's physician, Dr. Minde, last examined the claimant on August 25, 1977 and testified that he found no work-related disability. If another fall occurred in September of 1977, Dr. Minde probably would have been unaware of any effect that such a fall might have had on the claimant's condition. The claimant's physician, Dr. Pifer, last examined her on March 14, 1978. His report indicated that the claimant was totally disabled because of pain associated with her knee but made no allusion to a fall in September of 1977. Assuming, for the sake of argument, that the second fall occurred, we cannot tell whether he was aware of such a fall and considered its effects before testifying that the claimant's total disability was caused by her first fall at work or whether he was unaware of the second fall at the time of his deposition.

These considerations make it clear that the Board misunderstood the importance of the alleged second fall. The record clearly establishes that the claimant was disabled to some extent by her first fall at work and that the claimant was totally disabled as of March

---

[1] The claimant has argued that the petition for rehearing was fatally defective because it did not contain supporting affidavits. Assuming that the petition was defective in this regard, then the correct action of the Board would have been to grant leave to amend the petition. In this case, however, the Board considered the merits of the petition, and we regard any procedural error as harmless, since the petition was supported by a letter by Dr. Ferguson, and the petitioner could easily have secured an affidavit had the Board asked him to do so.

14, 1978. Therefore, the Board was correct in stating that the claimant's disability was not "totally unrelated" to her original injury. This leaves unresolved, however, the question of whether the original injury was the cause of her total disability or whether some part of that disability was attributable to the second fall which may or may not have been work related.

For these reasons, we will vacate the order of the Board which denied the petition for reargument and remand the case for any necessary factual determinations of whether the "new evidence" presented by the petitioner was known or readily discoverable at the time of the hearing, whether that evidence establishes a second fall between August 25, 1977 and March 14, 1978, whether the second fall was work related, and whether the second fall contributed to the claimant's disability.

### ORDER

AND Now, this 8th day of March, 1982, the order of the Workmen's Compensation Appeal Board, entered January 16, 1981, which denied the petition of Kaufmann's Department Store and Underwriters Adjusting Company for reargument of their petition to terminate benefits to Vivian Silverberg Hyman, is hereby vacated, and the case is remanded for further proceedings consistent with this opinion.

Judge PALLADINO did not participate in the decision in this case.