### WCI, INC., QUAKER MAID DIVISION, Petitioner,

v.

### WORKERS' COMPENSATION APPEAL BOARD (GRAEFF), Respondent.

Commonwealth Court of Pennsylvania.

Submitted on Briefs March 13, 1998.

Decided April 16, 1998.

Jesse L. Pleet and Andrew F. Fick, Wyomissing, for petitioner.

Before COLINS, President Judge, and SMITH, J., and LORD, Senior Judge.

COLINS, President Judge.

WCI, Inc. (WCI) petitions for review of the June 3, 1997 order of the Workers' Compensation Appeal Board (Board) that denied in part and granted in part the appeal of the claimant, Herman T. Graeff (Graeff). The Board denied his appeal by affirming the decision of the workers' compensation judge (judge) to grant benefits for a closed period. The Board granted Graeff's appeal by remanding for a determination of the dates encompassing the time that Graeff received unemployment compensation benefits.

WCI appeals the Board's interlocutory order as of right pursuant to Pa. R.A.P. 311(f)(1). That rule allows appeal as of right when a remand order to an administrative agency can be executed without "the exercise of administrative discretion." Here, the Board remanded for a "specific finding" regarding "when [Graeff] began receiving unemployment compensation benefits, and whether or when those benefits were termi-

---

nated or suspended." (Board opinion, page 5.)

■ Before this Court, WCI asserts that the Board erred when it considered Graeff's argument that the judge should not have awarded WCI a credit for unemployment benefits that Graeff received while he was disabled. According to WCI, Graeff waived consideration of this issue because his appeal to the Board referenced only Findings of Fact Nos. 14, 15, 18, 19, 22, and 23 and Conclusions of Law Nos. 3, 4, and 6, none of which addressed the credit issue. We agree.

■ Graeff's appeal from the judge's decision references the findings and conclusions listed above, and all of those findings and conclusions pertain to the injury suffered by Graeff. None of these findings and conclusions address the unemployment compensation benefits received by Graeff or the credit due to WCI. Although Graeff apparently briefed the credit issue before the Board, he had not preserved that issue in his appeal to the Board. "The mere filing of an appeal [to the Board] does not preserve issues which are not specifically raised." *Fiorentino v. Workmen's Compensation Appeal Board (Concrete Industries, Inc.)*, 131 Pa.Cmwlth. 658, 571 A.2d 554, 556 (1990).

Accordingly, that part of the June 3, 1997 order of the Workers' Compensation Appeal Board that remanded this matter to the workers' compensation judge is vacated.

### ORDER

AND NOW, this 16th day of April, 1998, that part of the order of the Workers' Compensation Appeal Board in the above-captioned matter that remanded this matter to the workers' compensation judge is **VACATED**.