# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Eliott Jurist, : 
                    Petitioner : 
                         : 
       v. : No. 1678 C.D. 2018 
                         : Submitted: May 17, 2019 
Workers' Compensation Appeal : 
Board (Trustees of the Presbytery : 
of Philadelphia), : 
                    Respondent : 

BEFORE: HONORABLE P. KEVIN BROBSON, Judge
HONORABLE PATRICIA A. McCULLOUGH, Judge
HONORABLE MICHAEL H. WOJCIK, Judge

*OPINION NOT REPORTED*

MEMORANDUM OPINION
BY JUDGE BROBSON                FILED: August 7, 2019

Eliott Jurist (Claimant), *pro se*, petitions for review of an order of the Workers' Compensation Appeal Board (Board), dated October 31, 2018. The Board affirmed the decision of a Workers' Compensation Judge (WCJ), denying Claimant's review petition and granting the termination petition filed by Trustees of the Presbytery of Philadelphia (Employer). For the reasons set forth below, we affirm the Board's order.

Claimant worked for Employer as a camp cook at a summer camp. On August 6, 2014, Claimant sustained a work-related injury to his left foot when a tray of food/cooking materials fell onto his foot and lacerated his inner heel. Employer accepted liability for a left foot contusion pursuant to a Notice of Compensation

Payable. Thereafter, on September 27, 2016, Employer filed a termination petition, asserting that Claimant had fully recovered from his work-related injury as of September 9, 2016. Subsequent thereto, on December 16, 2016, Claimant, who at that time was represented by counsel, filed a review petition, asserting that the description of his injury was incorrect and should be amended to include post-traumatic osteoarthritis in his left ankle and foot, an aggravation of preexisting degenerative joint disease in his left ankle and foot, synovitis and tenosynovitis in his left lower extremity, an aggravation of venous insufficiency in his left lower extremity, chronic pain, and post-traumatic fibroarthrosis in his left ankle and foot.

In support of his review petition and in opposition to Employer's termination petition, Claimant testified on his own behalf and presented the deposition testimony of Barry A. Ruht, M.D. In support of its termination petition and in opposition to Claimant's review petition, Employer presented the deposition testimony of Paul A. Horenstein, M.D. Based on the evidence presented, the WCJ found Claimant's testimony "to be entirely unpersuasive and unable to support his positions because [his] testimony [was] extremely inconsistent with the medical records testified to in this matter." (WCJ's Decision at 11-13.) The WCJ further found Dr. Horenstein's opinions to be significantly more credible than Dr. Ruht's opinions. (*Id.*) Based on these credibility determinations, the WCJ concluded that Claimant had failed to meet his burden of proving that he sustained any injuries in addition to the accepted left foot contusion as a result of his August 6, 2014 work-related injury. The WCJ also concluded that Employer had met its burden of proving that Claimant had fully recovered from his August 6, 2014 work-related injury. The WCJ, therefore, denied Claimant's review petition and granted Employer's termination petition.

2

Claimant appealed the WCJ's decision to the Board. While Claimant provided the necessary background information on his appeal form—*i.e.*, the parties' names and addresses, the date of the WCJ's decision, the date of Claimant's injury, etc.—and attached a copy of the WCJ's decision to his appeal form, Claimant did not set forth any specific findings of fact that he wished to challenge or identify any errors of law that he believed the WCJ had committed. Claimant left those sections of his appeal form entirely blank. As a result of the deficiencies in Claimant's appeal form, Employer filed a motion to quash with the Board, arguing that Claimant waived all of his issues on appeal by failing to plead the reasons for his appeal. Although the Board acknowledged the merit of Employer's motion to quash, the Board chose to address the merits of Claimant's appeal because Claimant was *pro se* and "likely not well-versed in the appeal procedure." (Board's Op. at 3 n.1.) Ultimately, the Board concluded that the WCJ did not err in granting Employer's termination petition, because there was substantial, competent evidence of record to support the WCJ's finding that Claimant had fully recovered from his August 6, 2014 work-related injury. The Board, therefore, affirmed the WCJ's decision. Claimant then petitioned this Court for review.

On appeal to this Court,[1] Claimant argues: (1) there is not substantial evidence of record to support the WCJ's finding that Claimant had fully recovered from his August 6, 2014 work-related injury; and (2) the WCJ improperly denied him the opportunity to present medical evidence that contradicted Dr. Horenstein's testimony and opinions and that would establish that Claimant continues to be

---

[1] Our review is limited to determining whether an error of law was committed, whether necessary findings of fact are supported by substantial evidence, and whether constitutional rights were violated. *Combine v. Workers' Comp. Appeal Bd. (Nat'l Fuel Gas Distrib. Corp.)*, 954 A.2d 776, 778 n.1 (Pa. Cmwlth. 2008), *appeal denied*, 967 A.2d 961 (Pa. 2009).

disabled as a result of his August 6, 2014 work-related injury.[2]  In addition to addressing the merits of those arguments, Employer responds that Claimant waived all of his issues on appeal by failing to raise any issues or claims of error in his appeal to the Board as required by 34 Pa. Code § 111.11(a)(2).

Before addressing the merits of Claimant's appeal we must first consider Employer's contention that Claimant waived all of his issues on appeal. Pursuant to Pennsylvania Rule of Appellate Procedure 1551(a), generally "[n]o question shall be heard or considered by [this C]ourt which was not raised before the government unit."  Moreover, courts have recognized that the waiver doctrine is applicable in workers' compensation proceedings. *Jonathan Sheppard Stables v. Workers' Comp. Appeal Bd. (Wyatt)*, 739 A.2d 1084, 1088-89 (Pa. Cmwlth. 1999). The Board's regulation found at 34 Pa. Code § 111.11(a) sets forth the specific information that a party must include in his appeal form to the Board in order to properly preserve an issue for the Board's review.  It provides, in pertinent part:

> (a)  An appeal or cross appeal shall be filed with the Board on a form provided by the Board . . . . All forms must contain the following information:
>
> . . . .
>
> (2)  A statement of the particular grounds upon which the appeal is based, including reference to the specific findings of fact which are challenged and the errors of the law which are alleged.  General allegations which do not specifically bring to the

---

[2] As part of the second issue, Claimant contends that he has medical evidence to support his claim that he continues to be disabled as a result of his August 6, 2014 work-related injury. Claimant attached to his brief as a "supplemental record" copies of medical reports and records, which he purports support his claim that he continues to be disabled due to his work-related injury. By order dated April 9, 2019, this Court granted Employer's application to strike non-conforming items attached as "supplemental record" to Claimant's brief, explaining that the documents included in Claimant's "supplemental record" were not part of the certified record in this matter and, therefore, could not be considered by the Court on appeal.

attention of the Board the issues decided are insufficient.

34 Pa. Code § 111.11(a)(2). "[W]hen a party fails to abide by the requirements of 34 Pa. Code § 111.11(a)(2) [to raise] an issue with the requisite specificity *in the appeal documents before the Board*, that party fails to preserve the issue under 34 Pa. Code § 111.11(a)(2)." *McGaffin v. Workers' Comp. Appeal Bd. (Manatron, Inc.)*, 903 A.2d 94, 101 (Pa. Cmwlth. 2006) (emphasis in original); *see also Jonathan Sheppard Stables*, 739 A.2d at 1088. "'[T]he mere filing of an appeal does not preserve issues which are not specifically raised' in the appeal documents before the Board." *McGaffin*, 903 A.2d at 101 (quoting *Fiorentino v. Workmen's Comp. Appeal Bd. (Concrete Indus., Inc.)*, 571 A.2d 554, 556 (Pa. Cmwlth. 1990)).

In our unreported panel decision in *Grim v. Workers' Compensation Appeal Board (Adams County)* (Pa. Cmwlth., No. 1088 C.D. 2009, filed January 5, 2010),[3] this Court considered whether the claimant had waived her issues on appeal to this Court due to her failure to identify any issues or claims of error in her appeal to the Board. In that case, the *pro se* claimant appealed the WCJ's decision denying her claim petition to the Board via handwritten letter. *Grim*, slip op. at 5. In her handwritten letter, the claimant indicated that she did not have the proper appeal form and expressed concern that her appeal would be late if she waited to contact the Board until she received the proper form. *Id.* The claimant, therefore, requested that the Board grant her additional time to file her appeal or accept her handwritten letter as her appeal. *Id.* The claimant also indicated that her attorneys had victimized her by not providing the WCJ with any evidence to prove that she had sustained a work-related injury. *Id.* The Board reviewed the matter, concluded

---

[3] Pursuant to Commonwealth Court Internal Operating Procedure § 414(a), "an unreported panel decision of this [C]ourt issued after January 15, 2008, [may be cited] for its persuasive value, but not as binding precedent." 210 Pa. Code § 69.414(a).

5

that the WCJ did not commit an error of law by denying the claimant's claim petition, and affirmed the WCJ's decision and order. *Id* at 4. The claimant then appealed the Board's decision to this Court, and we affirmed the Board's decision. *Id.* at 7. In so doing, we concluded, *inter alia*, that Claimant waived all of her issues on appeal by failing to preserve any issues before the Board. *Id.* at 6. We reasoned:

> [The c]laimant's appeal letter does not include any reference to specific findings of fact that [the c]laimant wished to challenge nor does the letter allege any errors of law. The only issue that may be gleaned from the letter is [the c]laimant's allegation that her attorneys were negligent or incompetent. However, an appeal to the Board is not the proper forum for [the c]laimant's claim that she was victimized by her attorneys' conduct. In addition, we note that there is nothing in the certified record to show that [the c]laimant supplemented her initial appeal letter with an appeal form or letter setting forth the particular grounds upon which her appeal was based. As such, we are constrained to agree with [the e]mployer that [the c]laimant has waived all issues on appeal by failing to preserve any issues before the Board.

*Id* at 5-6. (footnote omitted).

The factual scenario presented in this case is similar to the factual scenario that we reviewed in *Grim*. Here, Claimant's appeal form to the Board did not reference any specific findings of fact that he wished to challenge or identify any errors of law that he believed the WCJ had committed in rendering her decision. Rather, Claimant left those sections of his appeal form completely blank. There is also no indication in the certified record that Claimant attempted to supplement his original appeal form to set forth the issues or claims of errors upon which his appeal was based. The mere filing of Claimant's appeal form with the Board does not serve to preserve any issues on appeal. *See McGaffin*, 903 A.2d at 101. In addition, while the Board chose to review the matter on appeal, it does not change the fact that

6

Claimant failed to comply with the requirements set forth in 34 Pa. Code § 111.11(a)(2). For these reasons, we must conclude that Claimant has waived all of his issues on appeal by failing to preserve any issues in his appeal to the Board.[4]

Accordingly, we affirm the Board's order.

P. KEVIN BROBSON, Judge

---

[4] While we have declined to reach the merits of Claimant's appeal based on waiver, we note that Claimant's arguments essentially challenge the WCJ's determinations of credibility and evidentiary weight. As a fact-finder, matters of credibility, conflicting medical evidence, and evidentiary weight are within the WCJ's exclusive province. *Williams v. Workers' Comp. Appeal Bd.* (*USX Corp.-Fairless Works*), 862 A.2d 137, 143 (Pa. Cmwlth. 2004). If the WCJ's findings are supported by substantial evidence, they are binding on appeal. *Agresta v. Workers' Comp. Appeal Bd.* (*Borough of Mechanicsburg*), 850 A.2d 890, 893 (Pa. Cmwlth. 2004). In its opinion, the Board concluded that the WCJ's findings in support of her decision to grant Employer's termination petition were supported by substantial evidence of record, and we perceive no error in the Board's analysis in this regard.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Eliott Jurist,                :
             Petitioner     :
                                :
           v.                 :    No. 1678 C.D. 2018
                                :
Workers' Compensation Appeal    :
Board (Trustees of the Presbytery    :
of Philadelphia),                :
            Respondent    :

# **O R D E R**

AND NOW, this 7th day of August, 2019, the order of the Workers' Compensation Appeal Board is hereby AFFIRMED.

_____
P. KEVIN BROBSON, Judge
