Link *v.* Lipsett Steel Products, Inc., et al.

Argued May 11, 1973, before Judges CRUMLISH, JR., WILKINSON, JR., and ROGERS, sitting as a panel of three.

No appearance for appellant.

*Richard D. Harburg,* with him *Swartz, Campbell & Detweiler,* for appellees.

OPINION BY JUDGE ROGERS, May 29, 1973:

We might dismiss this appeal by a workmen's compensation claimant for want of prosecution because neither copies of the record nor any brief has been filed by, and no appearance at argument was made for, the appellant. However, we are impelled to determine the matter substantively because the issue before us has dragged out for almost seven years before the compensation authorities and much effort has been expended by the defendants in support of their case on the merits. Furthermore, claimant's counsel has exhibited a most casual regard for the rights of his adversary and the authorities while maintaining the position that his and his client's convenience should be illimitably indulged. We have, in addition to reviewing the record, assured ourselves that counsel for the appellant was notified in the usual manner by the clerk of this court of the time and place for argument.

The claimant was injured in 1960 and received compensation for total disability until his employer and its carrier filed a Petition for Termination in 1966. Termination was denied by the referee but the Board remanded the case for the appointment of an impartial neurosurgeon. This doctor testified at a hearing conducted in August 1969 that the claimant had no pathology and was a "frank malingerer." Claimant's counsel requested and the referee gave him the opportunity to present rebuttal testimony at a hearing to be scheduled upon prompt notice of claimant's readiness. The referee received no further word from the claimant's counsel and scheduled a hearing for a date in April of 1971. Two days before this hearing appellant's counsel sought a continuance. The referee, faced with the defendant's objections and other very sound reasons, refused. He then terminated compensation and the Workmen's Compensation Appeal Board affirmed.

In his brief filed with the Board, counsel for the claimant raised only the propriety of the referee's action in denying his request for a continuance, and this is the only subject treated in the Board's opinion, although it affirmed the referee's findings and conclusions.

In the appeal taken to this court the claimant excepts to the referee's ultimate finding that the claimant was fully recovered from the effects of his injury and the conclusion that the claimant was, therefore, not entitled to compensation.

The impartial neurosurgeon's testimony, of course, provides ample support for the referee's finding and conclusion. As we have already noted, the claimant had more than one year after that testimony to produce evidence in rebuttal and came finally to the hearing scheduled for that purpose, only with a request for a continuance. Our review convinces us that the case was properly disposed of in all respects.

The order of the Workmen's Compensation Appeal Board is affirmed.