Thomas MUSKO, Petitioner,

v.

WORKERS' COMPENSATION AP-PEAL BOARD (CALGON CARBON CORPORATION), Respondent.

Commonwealth Court of Pennsylvania.

Submitted on Briefs Jan. 29, 1999.

Decided May 10, 1999.

Neil J. Marcus, Monongahela, for petitioner.

Michael W. Smith, Pittsburgh, for respondent.

Before DOYLE, J., PELLEGRINI, J., and McCLOSKEY, Senior Judge.

DOYLE, Judge.

Thomas Musko (Claimant) appeals from an order of the Workers' Compensation Appeal Board (Board) affirming an order of a Workers' Compensation Judge (WCJ) which had granted Calgon Carbon Corporation's (Employer) petition to review Claimant's medical expenses and found that Employer had violated the Workers' Compensation Act [1] (Act), but imposed no penalty on Employer.

1. Act of June 2, 1915, P.L. 736, *as amended,*  77 P.S. §§ 1–1041.4.

Claimant was injured on February 22, 1995, when he fell off a ladder and suffered a contusion and a strain of his lower back while working for Employer. Pursuant to a Notice of Compensation Payable, Claimant began receiving weekly benefits of $509 based on an average weekly wage of $924.62.

On March 29, 1996, Employer filed a petition to review medical treatment.[2] In actuality, however, this petition sought review of the reconsideration determination of a Utilization Review Organization (URO) which had concluded that Claimant's treatment was reasonable and necessary.[3] Hearings were scheduled before a WCJ on the petition. In addition, on May 17, 1996, Claimant filed a penalty petition, alleging that Employer had violated the Act by failing to pay outstanding medical bills for treatment provided by his chiropractor, Dr. David Marraccini, which were found reasonable and necessary by a URO. This petition was consolidated with Employer's petitions.

In support of its petition, Employer presented the testimony of Dr. Charles Stone who examined Claimant on August 1, 1995. Based upon this examination and a review of Claimant's medical records, Dr. Stone concluded that Claimant's chiropractic treatment was of no medical benefit to Claimant and was not effective.

In opposition to Employer's petition, Claimant submitted the URO reconsideration determination of Dr. Alan Horwitz which concluded that Claimant's medical treatment was reasonable and necessary. In addition, Claimant presented the testimony of Dr. Marraccini who opined that his treatment of Claimant was reasonable and necessary because it provided pain relief and a better quality of life.

Claimant also presented the testimony of Patricia Babuscio, Dr. Marraccini's office manager. Ms. Babuscio testified that, at the time of her testimony, July 12, 1996, Employer had not been paying Claimant's medical bills following the URO reconsideration decision. The current outstanding balance as of that date was $17,049 for treatment rendered through July 10, 1996. Ms. Babuscio again testified at the final hearing on December 3, 1996, at which time she stated that, on August 8, 1996, she received a check from Employer's insurance carrier for the full amount of Claimant's treatment.

On June 10, 1997, the WCJ circulated a decision granting Employer's petition to review Claimant's medical treatment and finding that Employer violated the Act, but imposing no penalty on Employer for this violation. In reaching its decision concerning Employer's petition, the WCJ rejected the testimony of Dr. Marraccini and accepted that of Dr. Stone and concluded that Claimant's chiropractic treatment was unreasonable and unnecessary. Claimant appealed the decision to the Board which affirmed the WCJ's decision. This appeal followed.

On appeal,[4] Claimant argues that the WCJ erred by failing to order Employer to

---

**2.** Employer also had a suspension petition pending before the WCJ. That petition sought to suspend Claimant's benefits based on two alternative theories: (1) Claimant failed to submit to reasonable medical services; and (2) a position was made available to Claimant within his medical restrictions, but he had not pursued the position in good faith. Because neither of these petitions are relevant on appeal, the evidence submitted in support and in opposition to them will not be discussed.

**3.** The record does not indicate the date on which the original request for Utilization Review was filed or the date on which the URO issued its first decision. Dr. Marraccini sought reconsideration of the original determination on January 15, 1996, and the URO issued its reconsideration determination on March 13, 1996.

**4.** Our standard of review is limited to determining whether necessary findings of fact are supported by substantial evidence, whether constitutional rights were violated, or whether an error of law was committed. *Morey v. Workmen's Compensation Appeal Board (Bethenergy Mines, Inc.)*, 684 A.2d 673 (Pa.Cmwlth. 1996).

pay Dr. Marraccini's bills up to the date of his decision pursuant to the United States Court of Appeals for the Third Circuit decision in *Sullivan v. Barnett*, 139 F.3d 158 (3d Cir.1998);[5] also, Claimant argues that the WCJ erred by not granting Claimant's penalty petition.

██ We will first address Claimant's argument concerning the payment of medical bills up until the date of the WCJ's decision finding that Dr. Marraccini's treatment was unreasonable and unnecessary.[6] Section 306(f.1)(5)–(6) of the Act, 77 P.S. § 531, provides that

(5) The employer or insurer shall make payment and providers shall submit bills and records in accordance with the provisions of this section. All payments to providers for treatment provided pursuant to this act shall be made within thirty (30) days of receipt of such bills and records unless the employer or insurer disputes the reasonableness or necessity of the treatment provided pursuant to paragraph (6). The nonpayment to providers within thirty (30) days for treatment for which a bill and records have been submitted shall only apply to that particular treatment or portion thereof in dispute; payment must be made timely for any treatment or portion thereof not in dispute. A provider who has submitted the reports and bills required by this section and who disputes the amount or timeliness of the payment from the employer or insurer shall file an application for fee review with the department no more than thirty (30) days following notification of a disputed treatment or ninety (90) days following the original billing date of treatment. If the insurer disputes the reasonableness and necessity of the treatment pursuant to paragraph (6), the period for filing an application for fee review shall be tolled as long as the insurer has the right to suspend payment to the provider pursuant to the provisions of this paragraph. Within thirty (30) days of the filing of such an application, the department shall render an administrative decision.

(6) Except in those cases in which a workers' compensation judge asks for an opinion from peer review under section 420, disputes as to reasonableness or necessity of treatment by a health care provider shall be resolved in accordance with the following provisions:

(i) The reasonableness or necessity of all treatment provided by a health care provider under this act may be subject to prospective, concurrent or retrospective utilization review at the request of an employe, employer or insurer. The department shall authorize utilization review organizations to perform utilization review under this act. Utilization review of all treatment rendered by a health care provider shall be performed by a provider licensed in the same profession and having the same or similar specialty as that of the provider of the treatment under review. Organizations not authorized by the department may not engage in such utilization review.

(ii) The utilization review organization shall issue a written report of its findings and conclusions within thirty (30) days of a request.

(iii) The employer or the insurer shall pay the cost of the utilization review.

---

5. In an opinion issued on March 3, 1999, the United States Supreme Court reversed the Third Circuit's decision. *See American Manufacturers Mutual Insurance Co. v. Sullivan*, —— U.S. ——, 119 S.Ct. 977, 143 L.Ed.2d 130 (1999).

6. At the outset, we note that this issue was not raised before the Board, and, accordingly, this would normally constitute a waiver of the issue for appellate review purposes. *See* Pa. R.A.P. 302(a); *Appeal of Hawk Sales Co.*, 38 Pa.Cmwlth. 535, 394 A.2d 657 (1978). Employer, however, does not argue that this issue is waived, and, accordingly, has waived the waiver of the issue, and we will address it. *DeMarco v. Jones and Laughlin Steel Corp.*, 513 Pa. 526, 522 A.2d 26 (1987).

(iv) If the provider, employer, employe or insurer disagrees with the finding of the utilization review organization, a petition for review by the department must be filed within thirty (30) days after receipt of the report. The department shall assign the petition to a workers' compensation judge for a hearing or for an informal conference under section 402.1. The utilization review report shall be part of the record before the workers' compensation judge. The workers' compensation judge shall consider the utilization review report as evidence but shall not be bound by the report.

77 P.S. § 531. The regulations accompanying this section provide, in relevant part, as follows:

(e) The 30–day period in which payment shall be made to the provider may be tolled only if review of the reasonableness or necessity of the treatment is requested during the 30–day period under the UR provisions of Subchapter C (relating to medical treatment review). The insurer's right to suspend payment shall continue throughout the UR process. The insurer's right to suspend payment shall further continue beyond the UR process to a proceeding before a workers' compensation judge, unless there is a UR determination made that the treatment is reasonable and necessary.

34 Pa.Code § 127.208(e). Thus, although neither the Act nor the accompanying regulations require a suspension of an employer's obligation to continue paying medical bills during the Utilization Review (UR) process, they permit such a suspension. In *Sullivan,* the Third Circuit concluded that the creation of such an "automatic" suspension violated a claimant's due process rights because it did not provide a claimant with sufficient notice that the payment of his or her medical bills was about to be suspended.[7] Following the Third Circuit's decision, the regulations were amended to permit a claimant to provide a brief statement as to why the claimant believed the treatment is reasonable or necessary. On March 3, 1999, the United States Supreme Court issued an opinion reversing the Third Circuit's decision and upholding the constitutionality of the UR process.[8] Accordingly, Claimant's understandable reliance on *Sullivan* is misplaced in light of the Supreme Court's decision, and we affirm the WCJ's decision in this respect.

■ Claimant's final argument is that the WCJ erred by failing to impose a penalty on Employer for its initial unilateral cessation of the payment of Claimant's medical bills following the reversal of the original UR decision. Section 435 of the Act, 77 P.S. § 991, provides in part as follows:

(d) The department, the board, or any court which may hear any proceedings brought under this act shall have the power to impose penalties as provided

---

7. Prior to the Third Circuit's decision, a claimant received a notice indicating that his or her medical treatment was to undergo utilization review. The notice, however, did not explicitly inform the claimant that the payment would be suspended and did not provide the claimant with an opportunity to respond to such a notice.

8. We are, of course, obligated to follow the Supreme Court's decision in *Sullivan,* but the High Court decided the issue on grounds different than those argued by Claimant in this appeal. We offer our opinion that, under both the former and current UR procedures, we fail to see a deprivation to any workers'

compensation *claimant,* given the fact that it is the provider, not the claimant, who will be deprived if an employer is successful during a UR proceeding. A provider whose care/services have been determined to be unreasonable or unnecessary, and therefore not entitled to payment of its bill for medical services provided to a claimant, may **not** seek recovery from the claimant to whom he provided those services. *See* 77 P.S. § 531. In addition, there is nothing to prohibit a provider from continuing to treat a claimant during the UR period, although, of course, he does so at the risk that his treatment will later be determined to be unreasonable or unnecessary.

herein for violations of the provisions of this act or such rules and regulations or rules of procedure:

> (i) Employers and insurers may be penalized a sum not exceeding ten per centum of the amount awarded and interest accrued and payable: Provided, however, That such penalty may be increased to fifty per centum in cases of unreasonable or excessive delays. Such penalty shall be payable to the same persons to whom the compensation is payable.

77 P.S. § 991. It is within the WCJ's sound discretion to decide whether to impose penalties on an employer. *Moore v. Workmen's Compensation Appeal Board (Reading Paperboard Corp.)*, 676 A.2d 690 (Pa.Cmwlth.), *petition for allowance of appeal denied,* 546 Pa. 658, 684 A.2d 559 (1996). Even if a WCJ finds a violation of the Act, penalties still are not required to be imposed, but may be. *Ortiz v. Workmen's Compensation Appeal Board (Fair Tex Mills, Inc.),* 102 Pa.Cmwlth.493, 518 A.2d 1305 (1986).

■ Although Claimant acknowledges the above, he argues, however, that if WCJs and, indeed, this Court, do not impose penalties under factual situations such as this one, employers and insurance carriers

> could stop paying any and all medical bills or even Claimant's compensation if they so chose, thereby creating havoc for all individuals who are receiving benefits under the Workers' Compensation Act. Strategically it would be in their best interest to do so if ultimately a worker's compensation judge may rule in their favor and not apply any penalty or sanction for their egregious conduct.

(Claimant's Brief at 5–6.) We agree with Claimant that some situations require the imposition of penalties on employers for flagrant violations of the Act. In the present case, however, Employer did not wait until the WCJ's decision (which was favorable to it) to make any payments to Dr.

Marraccini. The WCJ found that 30 days after Ms. Babuscio's testimony concerning the outstanding medical bills, Employer paid the entire outstanding balance and continued to make payments thereafter. Given the fact that Employer did pay the outstanding balance prior the WCJ's decision, as well as the fact that the WCJ ultimately determined that the services of Dr. Marraccini were unreasonable and unnecessary and that the WCJ possesses discretion as to whether or not to impose a penalty for a violation of the Act, we will not disturb the WCJ's decision in this respect.

Order affirmed.

### *O R D E R*

**NOW,** May 10, 1999, the order of the Workers' Compensation Appeal Board in the above-captioned matter is hereby affirmed.

Judge PELLEGRINI concurs in the result only.