**Laurence A. McGAFFIN, Petitioner**

v.

**WORKERS' COMPENSATION APPEAL BOARD (MANATRON, INC.), Respondent.**

Commonwealth Court of Pennsylvania.

Argued May 9, 2006.

Decided July 19, 2006.

---

Douglas A. Williams, Pittsburgh, for petitioner.

Keith R. Mason, Pittsburgh, for respondent.

BEFORE: SMITH–RIBNER, Judge, LEADBETTER, Judge, and COHN JUBELIRER, Judge.

OPINION BY Judge COHN JUBELIRER.

In this appeal, Laurence A. McGaffin (Claimant) asks this Court to address whether a Workers' Compensation Judge (WCJ) may terminate benefits when, seven months earlier, Claimant was found to have a whole-person physical impairment rating of 26% based on an examination under Section 306(a.2) of the Workers' Compensation Act (Act), Act of June 2, 1915, P.L. 736, added by the Act of June 24, 1996, P.L. 340, 77 P.S. § 511.2(1). However, because Claimant failed to raise this issue before the WCJ and did not include the issue in his appeal to the Workers' Compensation Appeal Board (Board), we must conclude that he has not preserved this issue for review. Accordingly, we dismiss Claimant's petition for review.

Claimant was employed by Employer "as a field data collector for the purpose of assessing real estate values." (WCJ Decision Finding of Fact (FOF) ¶ 7.) His job responsibilities required him to do a great deal of driving and "to do extensive walking over uneven terrain in all types of weather." (FOF ¶ 7.) On February 8, 1999, during the course of his employment, Claimant injured "his neck, upper back, low back and left shoulder" in a slip-and-fall accident. (FOF ¶ 7.)

On March 8, 1999, Employer issued a Notice of Temporary Compensation Payable (NTCP) for "Strain" of Claimant's "Low Back" in the amount of $294.00 per week, based on an average weekly wage of $330.00. (NTCP, 3/8/99 at 1.)

Section 306(a.2)(1) of the Act requires an employee who has been receiving total disability benefits for 104 weeks to submit to an independent medical examination, upon employer's timely request, for the purpose of determining an impairment rating evaluation (IRE). Section 306(a.2)(1) directs that "[t]he degree of impairment shall be determined based upon an evaluation [by a qualified examiner] pursuant to the most recent edition of the American Medical Association (AMA) 'Guides to the Evaluation of Permanent Impairment.'" 77 P.S. § 511.2(1).

On August 7, 2001, Employer requested that Claimant undergo an IRE. On August 22, 2001, Nenad Janicijevic, M.D., F.A.C.E.P., a qualified examiner, completed an IRE of Claimant, finding that he had an impairment rating of "**26% impairment of the whole person.**"[1] (IRE at 8.) Section 306(a.2)(2) provides that an impairment rating of 50% or above results in a presumption that the employee is totally disabled. 77 P.S. § 511.2(2). An impairment rating of less than 50% results in the employee "receiv[ing] partial disability benefits" under Section 306(b) of the Act, 77 P.S. § 512.

Employer subsequently issued a Notice of Compensation Payable (NCP) on April 9, 2002, in the amount of $294.00[2] for "CONTUSIONS AND SPRAINS" of the "CERV/THOR/LUMBAR SPINE & L

---

1. This impairment rating derived from two different impairments that Dr. Janicijevic identified as "[c]ombined lumbar spine impairment of **13%** and cervical spine impairment of **15%**[, which] would result in **a total** 26% impairment of the whole person** according to the combined values chart." (IRE at 8.)

2. There appears to be a typographic error on the form as it indicates that the "[w]eekly

SHDR" that Claimant sustained by slipping down an embankment as he was measuring a house. (NCP, 4/9/02 at 1.)

On May 31, 2002, Employer filed a Termination Petition seeking to stop payment of workers' compensation benefits as of March 12, 2002.[3] In support of its Termination Petition, Employer presented the Expert Report and Deposition of Roger Ferguson, M.D.[4] Dr. Ferguson physically evaluated Claimant in "all areas described in the notice of compensation payable" (FOF ¶ 8a), and concluded that Claimant had a "normal physical evaluation in all examined areas...." (FOF ¶ 8b.) Dr. Ferguson opined that Claimant had "fully recovered from the 1999 surgery" that had been performed to address the injury, and Claimant showed "symptom magnification and subjective complaints without objective findings." (FOF ¶ 8d.)

Claimant produced the deposition and report of his treating physician, Anna Mathew, M.D., who testified that Claimant has continued to have "constant complaints of cervical spine, left shoulder, chest, low back and mid back pain." (FOF ¶ 9a.) Dr. Mathew opined that Claimant has "myofascial pain syndrome related to his work injury...." (FOF ¶ 9a.)

Additionally, Claimant testified during hearings before the WCJ that he was unable to return to work because of ongoing pain he was having in his chest, left shoulder, back and leg. (Test. 3/19/03, 12–14.)

Claimant did not argue before the WCJ that she needed to consider the effect the IRE might have on the termination. Employer offered the IRE into evidence, not as a medical opinion, but merely as a Bureau document that contained background history. *Claimant's* counsel even questioned the relevancy of the IRE, wondering if the IRE, and other Bureau documents, were "relevant to the termination [petition]." (Test. 3/19/03, 5.) The WCJ admitted the IRE for the limited purpose that Employer offered it.[5]

The WCJ weighed the testimony and concluded that Employer met its "burden of proof ... that the claimant has fully recovered from the physical sequela of his work injury based upon the substantial, competent and credible medical evidence of the testimony of Dr. Roger Ferguson, which was adopted as credible and as fact." (FOF ¶ 13.) The WCJ rejected Dr. Mathew's opinions to the extent they contradicted Dr. Ferguson. The WCJ did not

---

compensation rate" was "$330.00", which was "[b]ased on an average weekly wage of $294.00." (NCP, 4/9/02 at 1.)

3. Claimant filed "a petition for review on December 16, 2002, seeking to modify the notice of compensation payable to include a psychiatric component to his work injury." (FOF ¶ 2.) Claimant, in his argument before this Court, does not challenge the WCJ's and Board's denial of his review petition, but focuses on the grant of the termination petition.

4. Employer had also presented a report and deposition from Lawson Bernstein, M.D., in opposition to Claimant's review petition.

5. The exchange between Employer's counsel, Claimant's counsel, and the WCJ follows:

[Employer]: Your Honor may I offer the additional Bureau documents with regard to the IRE Determination.
[WCJ]: If you wish, yes.
[Claimant]: Are they relevant to the termination?
[Employer]: I think it's more relevant to the argument on review just as a history with regard to the original accepted injury.
[WCJ]: You can offer it. It's a Bureau document, I'll admit it, but I don't know if any of the medical opinions contained would come in other than ...
[Employer]: I'm not offering the IRE as a medical opinion. I'm simply offering it as part of the Bureau documents.
[WCJ]: All right, to that extent I will admit it into the record.
(Test. 3/19/03, 5–6.)

address what effect the IRE might have on the termination, which issue had not been raised for her consideration.[6]

Claimant appealed the WCJ's decision to the Board. Claimant did not mention the IRE in his notice of appeal form filed with the Board, which included the Appeal from the WCJ's Findings of Fact and Conclusions of Law and also detailed Claimant's Specific Exceptions which were attached thereto.[7] The focus of Claimant's arguments in his appeal was that the WCJ's

6. The WCJ's Decision contained three conclusions of law. Conclusion of law 2 dealt with the psychological injury, and conclusion of law 3 with the issue of attorney's fees and costs. Conclusion of law 1 dealt with the termination petition and provided that: "Defendant employer has met its burden of proof and established that the claimant's work-related disability has fully recovered and that any disability related to the work injury was ceased and terminated effective March 12, 2002." (WCJ Decision, Conclusion of Law ¶ 1.) The IRE is not mentioned in any of the WCJ's findings of fact or conclusions of law.

In finding of fact 8, and its subparagraphs (a) through (d), the WCJ described Dr. Ferguson's testimony. In finding of fact 9, and its subparagraphs (a) through (c), the WCJ recounted Dr. Mathew's testimony. In findings of fact 13, 16, and 17, the WCJ made credibility determinations as to both experts' testimony:

13. I find as fact that the defendants have met their burden of proof of establishing that the claimant has fully recovered from physical sequela of his work injury based upon the substantial, competent and credible medical evidence of the testimony of Dr. Roger Ferguson, which was adopted as credible and as fact. I reject the opinions of Dr. Anna Mathew to the extent that they contradict those of Dr. Ferguson. Dr. Ferguson's opinions are consistent with the examination findings as well as the diagnostic findings. Dr. Mathew's opinions are based in part on claimant's subjective complaints, which I reject.
* * * *
16. I find as fact that the employer has established its burden of proof with regard to its request for a termination of claimant's compensation benefits effective March 12, 2002 as claimant has fully recovered from his work injuries as of March 12, 2002.
17. I reject claimant's testimony that he continued to suffer physical restrictions or pain complaints causally related to his work injury. I observed claimant personal-

ly and considered the testimony of Drs. Ferguson and Mathew in making this finding. I also considered the nature of claimant's work injury and his complaints. I find that any continued complaints of pain are unrelated to claimant's work injury. (FOF ¶¶ 13, 16, 17).

7. For his appeal, Claimant submitted two documents. Neither of these documents reference the IRE conducted by Dr. Janicijevic. The first document is the standard, pre-printed "Appeal from Judge's Findings of Fact and Conclusions of Law" (Appeal Form). The second was attached to the Appeal Form and titled "Claimant's Specific Exceptions" (Claimant's Specific Exceptions).

On the Appeal Form, Claimant typed the numbers of several findings of fact that he was appealing from, arguing that, "[t]he stated Findings of Fact are not supported by competent, substantial evidence and constitute an error of law." (Appeal Form.) The findings of fact challenged were those involving Dr. Mathew's testimony as well as those of the doctors addressing the psychological injury issue. The specific findings challenged were 8(a) through 8(d) in which the WCJ extensively discussed the testimony of Dr. Ferguson; findings 11(a) through 11(b), 12, 14, and 15, which each dealt with the psychological injury issue; and finding of fact 18, which dealt with fees and costs owed. Claimant also challenged findings of fact 13, 16, 17, quoted above, in which the WCJ made her credibility determinations as to the termination petition.

After listing the findings of fact that Claimant was challenging, Claimant then referenced the Claimant's Specific Exceptions. The first paragraph of this document identified the paragraphs of the findings of fact and conclusions of law that were being challenged. The numbers coincided with those of the Appeal Form. The remaining portion of the document contained four paragraphs, two of which dealt with the psychological injury evidence, one dealt with Employer's Termi-

conclusions of law were not supported by substantial evidence and that "[t]he Judge erred in accepting the testimony of Roger Ferguson, M.D. over the testimony of Anna Mathews, M.D." (Claimant's Specific Exceptions at 1.) Claimant does not include a reference to either Dr. Janicijevic or the IRE in his appeal.

The Board heard argument on January 19, 2005. In the *reproduced record,* Claimant has included a brief,[8] filed June 22, 2005, which, for the first time, raises the question of whether the IRE rating of 26% precludes the WCJ from granting Employer's Termination Petition.[9] Four months later, the Board filed its Opinion.

The Board affirmed the WCJ's decision, addressing the issues raised in Claimant's

appeal documents, and not discussing the effect of the IRE. In doing so, the Board noted that "[w]ith regard to a termination petition, the defendant has the burden of establishing that the claimant's disability has ceased and that the claimant has fully recovered from his work injury, or that any remaining disability is no longer the result of the work injury. *Benson v. WCAB (Haverford State Hosp.),* 668 A.2d 244 (Pa.Cmwlth.1995)." (Bd. Decision at 4.) The Board concluded that "because the WCJ accepted as credible Dr. Ferguson's testimony that Claimant fully recovered from his work injury and could return to work without restrictions, [Employer] met its burden of proving its entitlement to a termination of Claimant's benefits."

nation Petition, and the last one dealt with the conclusions of law. The Termination Petition and conclusion of law paragraphs are included here in their entirety:

> The Judge erred in accepting the testimony of Roger Ferguson, M.D. over the testimony of Anna Mathews [sic], M.D. Dr. Ferguson evaluated the claimant on only one occasion for an independent medical evaluation. Dr. Ferguson's testimony does not constitute substantial evidence that claimant is fully recovered. Dr. Ferguson rejected a recognized diagnosis of myofascial pain syndrome. He admitted the claimant had an impingement of the left shoulder but was not impressed with the degree. He admitted that no other physicians had ever suggested symptom magnification in the claimant's case. On the contrary, Dr. Mathews [sic] evaluated the claimant on a number of occasions and diagnosed the claimant with a myofascial pain syndrome. Her testimony is supported by objective findings on physical examination and repeated evaluations of the claimant.
>
> * * * *
>
> Claimant also appeals Conclusions of Law 1, 2, and 3 averring that the stated Conclusions are not supported by competent substantial evidence and constitute an error of law. Claimant incorporates the above Specific Exceptions as set forth fully at length herein.

(Claimant's Specific Exceptions at 1–2.)

**8.** We cannot consider the Claimant's brief because it was not in the certified record, as it must be, for us to consider it. *Steglik v. Workers' Comp. Appeal Bd. (Delta Gulf Corp.),* 755 A.2d 69, 74, n. 3 (Pa.Cmwlth.2000). In *Steglik,* this Court has concluded that an appellate court "cannot ... rel[y] upon" a brief submitted to the Board that, although included in the reproduced record, is not included in the certified record because "it is beyond cavil" that appellate courts may only consider "those facts which have been duly certified in the record on appeal." ,*Id.* (quoting *Spink v. Spink,* 422 Pa.Super. 126, 619 A.2d 277, 280 n. 1 (1992)). We also noted that "[i]f Claimant wished to rely on that brief, she '[c]ould have requested that the Board certify and transmit a supplemental record containing [her] brief to this Court pursuant to Pa. R.A.P. 1926.'" *Id.* (citations omitted). In this case, like in *Steglik,* Claimant has included his brief before the Board in the reproduced record, but has not included it within the certified record. It is, therefore, "beyond cavil" that we cannot consider it.

**9.** At oral argument before this Court, Claimant's counsel acknowledged that Claimant's prior counsel had not raised this issue before the WCJ, or in the notice of appeal, and that he began representing Claimant after the appeal documents had been filed.

(Bd. Decision at 7 (citation omitted).) Claimant appeals from the Board's decision.

Before this Court,[10] Claimant argues that the IRE establishes that Claimant has a *permanent impairment* caused by his workplace injuries, which, by definition, means the impairment and the injuries cannot fully heal. Under the AMA Guidelines, an impairment rating is not merited unless Claimant has reached "maximum medical improvement." (Claimant Br. at 14.) He argues that the WCJ and Board erred by failing to grant this impairment rating a preclusive effect as to the permanent nature of Claimant's injuries, and by accepting expert medical evidence that concluded that the injury had healed, without considering the established AMA impairment rating for Claimant. Claimant argues that:

Section 306(a.2) provides no mechanism by which a defendant may seek to prove that a claimant has fully recovered from a work injury subsequent to a determination that he/she is permanently impaired as a result of the same injury. Presumably, the Legislature failed to include such a provision because doing so would be simply absurd. It is logically inconsistent to believe that a claimant could have fully recovered from the same work injury that has rendered him/her permanently impaired.

(Claimant Br. at 14.)

Claimant also argues that, under Section 306(a.2), which establishes procedures to address changes of condition, Employer can demonstrate this change *only:* (1) "via a subsequent **impairment rating evaluation** performed pursuant to the" AMA Guidelines, and not by an examination under Section 314 of the Act, 77 P.S. § 651 (Claimant Br. at 15); or (2) by establishing under Section 306(b) that Claimant has earning power.[11]

Employer challenges Claimant's arguments on the merits.[12] However, before reaching the merits of this issue, we must first review the facts of this case in light of our scope of review, the Pennsylvania Rules of Appellate Procedure, and the Board's procedural regulations, to determine if Claimant has preserved this issue for our review.

Entitled "scope of review," Pennsylvania Rule of Appellate Procedure 1551 provides that "[r]eview of quasijudicial orders shall be conducted by the court on the record made before the government unit. *No question **shall** be heard or considered by the court which was not raised before the*

---

10. Our review in a workers' compensation case is limited to determining whether the necessary findings of fact are supported by substantial evidence, whether constitutional rights were violated, or whether an error of law was committed. *B & T Trucking v. Workers' Comp. Appeal Bd. (Paull)*, 815 A.2d 1167 (Pa.Cmwlth.2003).

11. The Pennsylvania Trial Lawyers Association (PATLA) filed a brief, as amicus curiae in support of Claimant, regarding the merits of the legal issue presented. PATLA argued that preclusive effect should be given the IRE, particularly since Employer filed an NCP after receiving the IRE, because "[o]nce the 104 weeks of total disability have expired and Claimant submits to an IRE that results in a determination of permanent impairment, the Employer cannot turn around and seek a termination of benefits. Allowing the Employer to do so would essentially eliminate the meaning and weight afforded to the IRE by our legislature." (PATLA Br. at 5.)

12. Employer essentially argues that Section 306(a.2)(3) provides that an employer or insurer may seek to establish, during the 500 week period of partial disability, that Claimant's earning power has changed. Section 413 of the Act, 77 P.S. § 772, authorizes an employer to terminate an award by "proof that the disability of an injured employe has ... finally ceased...."

*government unit."* Pa. R.A.P. 1551 (emphasis added). A companion Rule of Appellate Procedure sets requirements for parties appealing to this Court to clarify that the issues the parties seek to bring before the Court have been properly preserved for our review. Pa. R.A.P. 2117. Subsection (c) of this rule provides that:

**(c) Statement of place of raising or preservation of issues.** Where under the applicable law an issue is not reviewable on appeal unless raised or preserved below, the statement of the case shall also specify:

(1) The state of the proceedings in the court of first instance, and in any appellate court below, at which, and *the manner in which, the questions sought to be reviewed were raised.*

(2) *The method of raising them* (e.g. by a pleading, by a request to charge and exceptions, etc.).

(3) *The way in which they were passed upon by the court.*

(4) *Such pertinent quotations of specific portions of the record,* or summary thereof, with specific reference to the places in the record where the matter appears (e.g. ruling or exception thereto, etc.) as will show that the question was timely and properly raised below so as to preserve the question on appeal.

Where the portions of the record relied upon under this subdivision are voluminous, they shall be included in an appendix to the brief, which may, if more convenient, be separately presented.

Pa. R.A.P. 2117(c) (emphasis added). Thus, Rule 1551 precludes us, through the directive *"no question shall be heard,"* from hearing or considering issues that were not raised before the government unit, and Rule 2117 establishes requirements that an appellant must meet to show how and where an issue the party seeks to bring before us was preserved.

We first examine the procedural rules promulgated by the Board, which contain the specific requirements a party must satisfy to preserve an issue for the Board's review. 34 Pa.Code § 111.11. In particular, Section 111.11(a) provides that:

(a) *An appeal* or cross appeal *shall be filed* with the Board on a form provided by the Board or on a form *containing substantially the following information:*

(1) The name and address of the claimant, name and address of the defendant, date of the injury, type of petition, Bureau claim number, insurance carrier and circulation date of the decision at issue.

(2) *A statement of the particular grounds upon which the appeal is based, including reference to the specific findings of fact which are challenged and the errors of the law which are alleged.* General allegations which do not specifically bring to the attention of the Board the issues decided are insufficient.

(3) A statement of the relief which is requested.

(4) A statement whether the petitioner seeks an opportunity to file a brief or present oral argument or whether the case should be heard on the record without brief or oral argument.

(5) Identification of the judge whose decision is in question, including as an attachment, a copy of that judge's decision.

(6) A proof of service as specified in § 111.12(d) (relating to filing, service and proof of service).

34 Pa.Code § 111.11(a) (emphasis added). Thus, under subparagraph (a)(2), a party must specifically identify, in its appeal documents, the particular grounds being appealed to the Board. 34 Pa.Code § 111.11(a)(2).

■ In interpreting and applying this section, we have found that when a party fails to abide by the requirements of 34 Pa.Code § 111.11(a)(2) by raising an issue with the requisite specificity *in the appeal documents before the Board,* that party fails to preserve the issue under 34 Pa. Code § 111.11(a)(2). *Matticks v. Workers' Comp. Appeal Bd. (Thomas J. O'Hora Co.),* 872 A.2d 196, 202 (Pa.Cmwlth.2005) ("Employer effectively waived its arguments [by not raising them in the appeal documents and t]he fact that Employer may have argued the issues in its brief to the Board is unavailing as it failed to comply with 34 Pa.Code § 111.11(a)".); *Jonathan Sheppard Stables v. Workers' Comp. Appeal Bd. (Wyatt),* 739 A.2d 1084, 1089 (Pa.Cmwlth.1999) (concluding that "fail[ure] to properly raise and preserve [those] issues" under 34 Pa.Code § 111.11(a)(2), by not having the requisite specificity in the appeal documents before the Board, precluded our ability under Rule of Appellate Procedure 1551 to hear the issue). The importance of raising the issue in the appeal documents, as opposed to subsequent briefs, is also found in *Sheridan v. Worker's Compensation Appeal Board (Anzon, Inc.),* 713 A.2d 182 (Pa. Cmwlth.1998), in which we concluded that an issue may be preserved for review if it is raised in the appeal documents before the Board, even if is not subsequently briefed before the Board. Nonetheless, at minimum, the issue must be specifically identified in the appeal documents—"the mere filing of an appeal does not preserve issues which are not specifically raised" in the appeal documents before the Board. *Fiorentino v. Worker's Comp. Appeal Bd. (Concrete Industries, Inc.),* 131 Pa. Cmwlth. 658, 571 A.2d 554, 556 (1990).

■ In this case, while Claimant did raise *some issues* with the requisite specificity, see footnote 7 *supra,* the sole issue Claimant raises before us on appeal *was not raised* in the appeal documents (Claimant's Appeal Form and Claimant's Specific Exceptions), in any manner. While those two documents *do raise challenges* to specific findings of fact and conclusions of law, *these challenges are in no way connected to the issue the Claimant seeks to bring before us.* As described earlier, the specific challenges set forth in the two documents relate to the psychological injury, the fees and costs, and challenging the WCJ's credibility determinations and, specifically, the WCJ's crediting the testimony of Employer's doctor, Dr. Ferguson over Claimant's doctor, Dr. Mathew. Although Claimant specifically refers to his expert, Dr. Mathew, in his appeal documents, he does not even mention Dr. Janicijevic or the IRE. Thus, the issues Claimant raised, and preserved, in his appeal documents do not include the issue he raises on appeal, specifically, the affect of the IRE on Employer's Termination Petition before the WCJ.[13] Per *Jonathan Sheppard Stables* and *Matticks,* by failing to raise the issue with specificity in the appeal documents as required by 34 Pa.Code § 111.11(a)(2), Claimant failed to preserve

---

**13.** We note also that this issue was not raised before the WCJ. Claimant's written submissions to the WCJ make no mention of this issue, and review of the transcripts of the hearings before the WCJ contain no argument that the WCJ should or needed to consider the impairment rating in evaluating Employer's Termination Petition; in fact, to the contrary, *Claimant's counsel* actually questioned the relevancy of the IRE. Thus, clearly the WCJ did not have the opportunity to address this issue.

it for review to the Board and, subsequently, per Pennsylvania Rule of Appellate Procedure 1551, failed to preserve it for review by this Court.

■ Raising some issues with the requisite specificity does not allow a party to subsequently raise any issue, *see Fiorentino*, and any effort to address an issue in a brief that has not been properly raised in the appeal documents is "unavailing." *Matticks*, 872 A.2d at 202.[14]

Accordingly, because we conclude that Claimant has not preserved this issue at any stage of this case, we must dismiss his appeal.

### ORDER

**NOW,** July 19, 2006, the petition for review of Laurence A. McGaffin in the above-captioned matter is hereby DISMISSED.

### DISSENTING OPINION BY Judge SMITH–RIBNER.

I respectfully dissent from the majority's ruling that the significant first-impression issue presented in this case may not be addressed because the issue was waived. The issue concerns whether a Workers' Compensation Judge (WCJ) may entertain and grant a termination petition when an unappealed permanent impairment rating is in place pursuant to Section 306(a.2) of the Workers' Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. § 511.2. Laurence A. McGaffin (Claimant) suffered injury in a fall on February 8, 1999. He had back

---

**14.** It is irrelevant that Employer did not argue in this appeal that the issue was not preserved. Our scope of review, under the rules of appellate procedure, cannot be enlarged by a party's decision. Claimant failed to preserve this issue before the Board and, consequently, the Board did not address it in its decision. *See also, Fiorentino,* 571 A.2d at 556 (finding that the "twenty-day appeal period [from a decision of the WCJ] is jurisdictional" such that the failure to properly preserve an issue in appeal documents prevents the Board and, subsequently, this Court, from reviewing it.) Because the issue was not preserved, as clearly stated in Rule 1551, we can not hear it. (*"No question shall be heard* or considered by the court *which was not raised before the government unit."*) We note that this is not inconsistent with our Pennsylvania Supreme Court's decision in *Heath v. Workers' Compensation Appeal Board (Pennsylvania Board of Probation and Parole),* 580 Pa. 174, 860 A.2d 25 (2004), in which the high court concluded that this Court erred in addressing a substantive issue (the personal animus exception of Section 301(c) of the Act, 77 P.S. § 411(1)) that had not been raised by either party. Similarly, here, we would err by violating the Rules of Appellate Procedure, our precedent, and the regulatory provisions promulgated by the Board, by addressing a substantive issue that was not properly preserved before the Board. *But see, Musko v. Workers'*

*Compensation Appeal Board (Calgon Carbon Corporation),* 729 A.2d 657, 659 n. 6 (Pa. Cmwlth.1999).

We also note that, under Pennsylvania Rule of Appellate Procedure 2117, Claimant has not identified, in any manner, that the issue was properly preserved before the Board. Neither party contends the issue on appeal was raised in the appeal documents before the Board. Claimant, in the summary of argument section of his brief, carefully states that:

Claimant's appeal to the Worker's Compensation Appeal Board (the Board) followed. (R.R. at 70a.) In their respective briefs, Claimant's counsel and Defendant's counsel addressed only one issue: Whether the Judge had the authority to grant Defendant's termination petition when an earlier Independent Rating Evaluation and corresponding LIBC form had determined that the Claimant was permanently impaired as a result of his work injury.

(Claimant Br. at 7.) Of note is how the Claimant carefully avoids any reference to what issues the appeal documents contain—Claimant identifies the Appeal Form (R.R. at 70a), but then skips any discussion of what issues were raised in it, instead referencing the issue that was addressed in the Briefs.

surgery related to the work injury, but he has continued to treat with Dr. Anna Matthew for pain. As the majority relates, at the request of Manatron, Inc. (Employer), Claimant submitted to an impairment rating evaluation (IRE) pursuant to Section 306(a.2)(1) of the Act, 77 P.S. § 511.2(1), performed by Nenad Janicijevic, M.D., F.A.C.E.P., on August 22, 2001. Certified Record, Judge Ex. B.

Section 306(a.2)(1) provides that when an employee has received total disability compensation pursuant to Section 306(a), 77 P.S. § 511, for a period of 104 weeks, unless otherwise agreed to, the employee shall be required to submit to a medical examination by a physician with specified qualifications, which shall be requested by the insurer within 60 days of the expiration of 104 weeks, to determine the degree of impairment due to the compensable injury, if any, applying the standards in the most recent edition of the American Medical Association "Guides to the Evaluation of Permanent Impairment" (AMA Guides). Section 306(a.2)(2), 77 P.S. § 511.2(2), provides that if the threshold impairment rating is 50 percent or above under the AMA Guides, the employee shall be presumed to be totally disabled, and he or she shall continue to receive total disability benefits. If the rating is less than 50 percent, the employee shall then receive partial disability benefits under Section 306(b), 77 P.S.

§ 512. Under Section 306(a.2)(3), 77 P.S. § 511.2(3), this change shall not affect the amount of compensation unless otherwise agreed to or adjudicated based on a determination of earning power under Section 306(b)(2), 77 P.S. § 512(b)(2), although an insurer or employee may show at any time during the 500–week period of partial disability that earning power has changed. As amicus Pennsylvania Trial Lawyers Association stresses, Section 306(a.2)(8)(i), 77 P.S. § 511.2(8)(i), provides that for purposes of Section 306(a.2), "the term 'impairment' shall mean an anatomic or functional abnormality or loss that results from the compensable injury *and is reasonably presumed to be permanent*." (Emphasis added.)

The IRE report of Dr. Janicijevic from August 22, 2001, based on the doctor's review of 259 pages of clinical medical records for Claimant along with his physical examination, established an impairment rating of 26 percent of the whole person. Certified Record, Judge Ex. B. This independent impairment rating determination was not appealed. *See* Section 306(a.2)(4), 77 P.S. § 511.2(4) (providing that an employee may appeal the change to partial disability at any time during the 500–week period).[1] Employer arranged for Claimant to be examined by Roger Ferguson, M.D. on March 12, 2002. Dr. Ferguson prepared a report opining that Claimant had a

1. I note that following the Section 306(a.2) procedure resulted in a substantive change in Claimant's status from total disability status to partial disability status, the same as would otherwise result from an adjudication on a modification petition filed by employer or from an agreement filed with the Board, although there was no legal proceeding involved. As the Supreme Court stated in *Gardner v. Workers' Compensation Appeal Board (Genesis Health Ventures)*, 585 Pa. 366, 380, 888 A.2d 758, 766 (2005):

The General Assembly thus has supplemented the traditional approach for secur-

ing a reduction in benefits to partial disability by incorporating the concept of an IRE, *providing for a self-executing, automatic modification of benefits where an insurer secures a dispositive impairment rating within a defined time period, under 77 P.S. § 511.2(1)-(2),* and affording insurers the opportunity to establish an impairment rating in other time periods to reduce benefits via the traditional administrative process, under [Section 306(a.2)(5)-(6),] 77 P.S. § 511.2(5–6). (Emphasis added.)

normal physical evaluation in all areas. On May 31, 2002, Employer filed a termination petition. The proceeding was consolidated with that on a petition to review filed by Claimant seeking to correct the description of the injury in the amended notice of compensation payable to include clinical depression. The IRE was admitted into the record and is identified in the decision of the WCJ as Judge Ex. B. After hearings and the submission of depositions and reports by physicians for Claimant and for Employer and by Claimant's treating psychologist and a psychiatrist testifying for Employer, the WCJ granted the termination petition and denied the review petition.

As noted by the majority, Claimant's appeal to the Workers' Compensation Appeal Board (Board) did not specifically mention the effect of the unappealed IRE. The appeal exceptions stated, *inter alia,* that Dr. Ferguson evaluated Claimant once for an independent medical examination and that Dr. Ferguson rejected Claimant's recognized diagnosis. Claimant represents to the Court that both he and Employer filed briefs with the Board addressing the sole question of whether the WCJ had authority to grant the termination petition when an earlier IRE had determined that Claimant was permanently impaired as a result of his work injury.[2] Claimant includes in the Reproduced Record a copy of his brief. While I agree that the Court may not consider the brief, which is not included in the record certi-

fied to the Court by the Board nor certified and transmitted as a supplemental record pursuant to Pa. R.A.P.1926, I disagree that the failure of Claimant or of the Board to include the brief in the certified record is sufficient reason to find waiver and to dismiss the appeal.

First, I note that the question of waiver of the effect of the IRE is not raised by Employer but rather is raised by the majority *sua sponte.* As the majority acknowledges, Employer responds with an argument on the merits of this issue. Questions that involve a want of subject matter jurisdiction may be raised by the Court *sua sponte.* *Heath v. Workers' Compensation Appeal Board (Pennsylvania Board of Probation and Parole),* 580 Pa. 174, 860 A.2d 25 (2004). In the present case, however, the question is not one of subject matter jurisdiction because the Court plainly has authority to determine controversies of the general class to which the case belongs. *See id.; also see Riedel v. Human Relations Commission of Reading,* 559 Pa. 34, 739 A.2d 121 (1999) (holding that where the question did not involve subject matter jurisdiction, this Court should not have raised *sua sponte* whether the local commission had authority to enforce a provision not analogous to any in the statewide human relations statute). The present matter is not like *Heath* and *Riedel,* where this Court raised a determinative substantive issue *sua sponte.*

---

2. Claimant argued before the Court that the WCJ lacked jurisdiction to grant a termination petition when an existing IRE established a permanent impairment of 26 percent and there had been no effort to secure another IRE that might show a different permanent impairment. Claimant also argued that he could raise the WCJ's lack of jurisdiction because Pa. R.A.P. 1551(a)(2) authorizes a question to be raised before the appellate court regarding "the jurisdiction of the government unit over the subject matter of the adjudication." Claimant's argument, however, is that the WCJ erred as a matter of law in ruling as he did, not that the WCJ lacked competency to consider controversies of the general class to which the case presented belongs. *Heath v. Workers' Compensation Appeal Board (Pennsylvania Board of Probation and Parole),* 580 Pa. 174, 860 A.2d 25 (2004). He conceded that he did not raise the jurisdiction question before the WCJ.

Although it is well settled that issues not raised before the Board are waived, *Jonathan Sheppard Stables v. Workers' Compensation Appeal Board (Wyatt)*, 739 A.2d 1084 (Pa.Cmwlth.1999), the representation of counsel for Claimant, which is not challenged or disputed by Employer, is that the sole issue of the effect of the unappealed permanent impairment rating was raised in their argument before the Board and in their briefs to the Board. If this is true, then the issue was raised before the Board. The majority refers to a statement in *Matticks v. Workers' Compensation Appeal Board (Thomas J. O'Hora Co., Inc.)*, 872 A.2d 196 (Pa.Cmwlth.2005), that it was unavailing that an employer argued an issue to the Board in its brief where it failed to comply with 34 Pa.Code § 111.11(a) by not raising the issue in the appeal documents. However, *Matticks* and *Jonathan Sheppard Stables*, upon which it relied, were both cases where the employer listed findings of fact and conclusions of law that were challenged without providing any specific bases for the challenges stated, thereby violating § 111.11(a) and failing to preserve any issues at the outset. There is no dispute here that McGaffin initially complied with 34 Pa. Code § 111.11(a) by filing an appeal raising issues with the required specificity. Also in *Matticks* the waiver issue was raised by the opposing party and not raised by the Court *sua sponte.*

The Court recently concluded in *Pennsylvania Independent Waste Haulers Association v. Township of Lower Merion*, 872 A.2d 224, 228 n16 (Pa.Cmwlth.2005), that even though the township did not raise before the trial court an issue regarding the severance of offending licensing and inspections provisions of the township's code, this Court might address the issue because the association did not argue that the issue was waived and, as a result, the association had "waived any potential waiver of the issue...." The Court cited *Musko v. Workers' Compensation Appeal Board (Calgon Carbon Corporation)*, 729 A.2d 657, 659, n6 (Pa.Cmwlth.1999), where Judge Doyle concluded that, although the issue regarding failure of the WCJ to order payment of the claimant's medical bills up to the date of decision was not raised before the Board and ordinarily would constitute a waiver for appellate review, the employer did not argue that the issue was waived and "accordingly, has waived the waiver of the issue, and we will address it." In these cases, the Court refused to *sua sponte* raise waiver of an issue even when the issue had not been raised before the Board, unlike the situation here where the issue of the IRE's impact upon the termination petition in fact was raised before the government unit.

Additionally, in *Sheridan v. Workers' Compensation Appeal Board (Anzon, Inc.)*, 713 A.2d 182 (Pa.Cmwlth.1998), the Court did observe that the claimant's statement of an issue in his notice of appeal to the Board was sufficient to make it an issue "raised before the government unit" within the meaning of Pa. R.A.P. 1551(a), even though the claimant did not file a brief with the Board arguing the issue. The Court went on to state, however, that even if it were to conclude that the claimant's failure to file a brief constituted waiver, such would not bar the Court from addressing the issue, citing *Link v. Lipsett Steel Prods., Inc.*, 9 Pa.Cmwlth. 98, 305 A.2d 387 (1973). It noted further that where an appellant's failure to adequately raise an issue below does not interfere with an appellate court's ability to exercise effective appellate review, the appellate court may address the issue and that even where a lower tribunal does not address an issue, an appellate court may do so if all of the facts necessary to the appellate court's

decision have been found by the fact finder, citing *Shuman v. Cumberland Valley School District Board of Directors*, 113 Pa.Cmwlth. 63, 536 A.2d 490 (1988). Thus in *Sheridan* a precise statement of an issue in the appeal documents to the Board was not viewed as an absolute condition to the Court's review.[3]

Under the circumstances here where the issue deemed waived by the majority in fact was raised before the Board and Employer presented no waiver argument to this Court, it is clear that the proper course is to vacate the Board's order and to remand this case to the Board for a determination of the question raised by Claimant: namely, whether a WCJ has the authority to rule that a claimant's benefits may be terminated on the basis of a determination of full recovery from a work-related injury while an impairment rating evaluation establishing the claimant's permanent impairment remains unaltered. I therefore dissent from the dismissal of Claimant's appeal.

---

**3.** As cases such as *Pennsylvania Independent Waste Haulers, Musko* and *Sheridan* illustrate, the question of compliance with Pa. R.A.P. 1551(a) is not a jurisdictional question.