# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Franklin Johnson, : 
          Petitioner : 
           : 
         v. : No. 2074 C.D. 2013
           : SUBMITTED: June 6, 2014
Workers' Compensation Appeal : 
Board (Abington Memorial Hospital), : 
         Respondent : 

**BEFORE:    HONORABLE BONNIE BRIGANCE LEADBETTER,** Judge
              **HONORABLE P. KEVIN BROBSON,** Judge
              **HONORABLE JAMES GARDNER COLINS,** Senior Judge

**OPINION NOT REPORTED**

**MEMORANDUM OPINION BY**
**JUDGE LEADBETTER**                  **FILED:  August 13, 2014**

Claimant Franklin Johnson petitions for review of an order of the Workers' Compensation Appeal Board that affirmed the decision of a Workers' Compensation Judge (WCJ) to deny his petition to review the utilization review (UR) determination that all treatment rendered to him by Shirley Dressler, D.C., after May 2, 2011, was not reasonable or necessary. In addition, we have before us Employer Abington Memorial Hospital's motion to dismiss Claimant's petition for review for failure to preserve issues for appellate review.[1] For the reasons that follow, we grant Employer's motion to dismiss Claimant's petition for review.

In January 2010, Claimant sustained a right shoulder rotator cuff tear in the course of his employment as a floor technician for Employer. In April 2010, Employer issued a notice of compensation payable, accepting the injury and

---

[1] In February 2014, this Court directed that Employer's January 2014 motion to dismiss be decided with the merits of the petition for review.

acknowledging that it occurred while Claimant was mopping a floor. Subsequently, Employer filed two utilization review requests, one seeking to ascertain the reasonableness and necessity of Dr. Dressler's chiropractic treatment and the other challenging the treatment of Claimant's treating physician, Richard S. Glick, D.O. UR reviewer Saul Jeck, D.O., determined that Dr. Glick's treatment was reasonable and necessary and the WCJ affirmed. UR reviewer Gregg J. Fisher, D.C., however, determined that Dr. Dressler's treatment was neither reasonable nor necessary in that she: 1) initiated chiropractic treatment without first taking a detailed history from Claimant; 2) failed to conduct an initial examination; and 3) failed to perform any periodic re-examinations.

In his subsequent petition to review the UR determination regarding Dr. Dressler's treatment, Claimant submitted a letter from her opining that the disputed treatment was reasonable and necessary in that Claimant's orthopedic surgeon, Brian Sennett, M.D., prescribed the chiropractic treatment, re-evaluated Claimant at intervals, concluded that the patient was showing progress and, accordingly, prescribed further chiropractic treatment. The WCJ affirmed the UR determination, rejecting Dr. Dressler's letter as neither credible nor convincing. Noting that Dr. Dressler did not refute Dr. Fisher's determination that she failed to perform the aforementioned tasks, the WCJ also observed that, in her letter, Dr. Dressler did not include a history of Claimant's illness, a description of the treatment provided or any anticipated treatment. The Board affirmed and Claimant's timely petition for review followed. We first address Employer's motion to dismiss Claimant's petition for review.

Employer maintains that Claimant failed to raise the issues addressed in paragraphs three and four of the petition for review, wherein he asserted that 1)

2

the UR organization failed to obtain germane medical records from his treating physicians, who were prescribing the chiropractic treatment at issue and monitoring his progress as a result of that treatment; and 2) the WCJ erred in failing to consider that Dr. Dressler was simply the practitioner providing the therapy treatment, prescribed by and monitored by those physicians. Accordingly, alleging that Claimant failed to raise any issues beyond his general contention that the WCJ's decision was not supported by substantial evidence, Employer argues that we should dismiss the petition for review.[2] We agree.

In his appeal from the WCJ's decision, Claimant listed, by number, Findings of Fact Nos. 3, 5, 11 and 14 through 17 as the ones that he alleged were in error. Following that listing, he included the following allegations: "The Judge's findings are not based upon substantial competent evidence. Further, the Judge's findings show a capricious disregard for the evidence of record." Appeal from WCJ's Decision at 1; Reproduced Record (R.R.) at 224a. As for any alleged errors of law, Claimant alleged the following: "Conclusion of Law #1. The conclusion of law contains legal errors."[3] *Id*. Consequently, in characterizing Claimant's argument on appeal, the Board stated as follows: "On appeal, Claimant contends *generally* that the WCJ's decision is not supported by substantial evidence and that

---

[2] Claimant argues that Employer waived its right to file a motion to dismiss in that it failed to do so below. We disagree. In *McGaffin v. Workers' Compensation Appeal Board (Manatron, Inc.)*, 903 A.2d 94, 102 n.14 (Pa. Cmwlth. 2006), this Court held that, where the claimant in the appeal documents before the Board failed to raise the issue on appeal, it was irrelevant that the employer on appeal to this Court did not argue that he failed to preserve the issue below. Pursuant to Pennsylvania Rule of Appellate Procedure 1551, where an issue is not preserved before the government unit, this Court cannot hear it. In other words, "[o]ur scope of review, under the rules of appellate procedure, cannot be enlarged by a party's decision." *Id*.

[3] In Conclusion of Law No. 1, the WCJ concluded that Employer proved by substantial, competent and credible evidence that Dr. Dressler's treatment was unreasonable and unnecessary.

the WCJ capriciously disregarded certain *unspecified* evidence." Board's Decision at 1 (footnote omitted) (emphasis added).

The pertinent regulation, 34 Pa. Code § 111.11(a)(2), provides that an appeal filed with the Board must contain "[a] statement of the particular grounds upon which the appeal is based, including reference to the specific findings of fact which are challenged and the errors of law which are alleged." The regulation further provides that, "[g]eneral allegations which do not specifically bring to the attention of the Board the issues decided are insufficient." *Id.* Where, as here, the party taking the appeal merely listed, by number, the findings of fact that allegedly were not supported by substantial competent evidence and the conclusions of law that allegedly contained errors of law, this Court has held that the party failed to comply with the regulation. *Matticks v. Workers' Comp. Appeal Bd. (Thomas J. O'Hora Co.)*, 872 A.2d 196, 202 (Pa. Cmwlth. 2005). *See also Jonathan Sheppard Stables v. Workers' Comp. Appeal Bd. (Wyatt)*, 739 A.2d 1084, 1089 (Pa. Cmwlth. 1999) (holding that employer failed to comply with 34 Pa. Code § 111.11(a)(2) where it cryptically noted "2-10" on the appeal form, thereby failing to specify the errors of law committed by the WCJ or why the decision did not conform with the law) and *McGaffin v. Workers' Comp. Appeal Bd. (Manatron, Inc.)*, 903 A.2d 94, 101-02 (Pa. Cmwlth. 2006) (where the issues that claimant raised and preserved in his appeal documents did not include the issue he raised on appeal, claimant failed to comply with 34 Pa. Code § 111.11(a)(2) and his petition for review was dismissed).

Accordingly, we grant Employer's motion to dismiss Claimant's petition for review for failure to preserve issues for appellate review.[4]

_____

BONNIE BRIGANCE LEADBETTER,
Judge

---

[4] In any event, had we addressed the merits, we would have affirmed. In *Womack v. Workers' Compensation Appeal Board (School District of Philadelphia)*, 83 A.3d 1139, 1149 (Pa. Cmwlth. 2014), *appeal denied*, ___ A.3d ___ (Pa. 2014), we addressed a somewhat analogous situation where the UR reviewer, in part, based his determination that the disputed chiropractic treatment was not reasonable or necessary on the provider's failure to provide key information. We stated as follows:

> The Bureau's regulations make clear that a [UR organization] may conclude that treatment is not reasonable and necessary when a provider fails to submit records regarding a claimant's treatment. *See* 34 Pa. Code § 127.464. Implicit in such a provision is the notion that a reviewer requires sufficient information regarding the nature of the treatment in order to render a recommendation, and that, when a provider fails to submit information with sufficient detail regarding the purposes, objectives, and outcome of treatment, a reviewer may reach a negative conclusion regarding the need for and reasonableness of treatment based on a lack of sufficient information from the provider. The WCJ, in turn, is permitted similarly to reach her own negative inferences . . . .

*Womack*, 83 A.3d at 1149. The fact that Dr. Dressler was treating Claimant pursuant to prescriptions from his physicians did not negate the need for her to submit key information in order for the UR reviewer to ascertain the necessity for and reasonableness of the disputed treatment. Finally, with regard to any inconsistency in the determinations regarding the reasonableness and necessity of Dr. Glick's treatment versus that of Dr. Dressler, we note that Dr. Glick's medical treatment included office visits, ultrasound and a home TENS unit. The fact that one UR reviewer found Dr. Glick's medical treatment to be reasonable and necessary and another rejected Dr. Dressler's chiropractic treatment is irrelevant. Although the treatments were obviously related in that they were being rendered "in the context of the entire course of care for the work-related injury," *Seamon v. Workers' Compensation Appeal Board (Sarno & Sons Formals)*, 761 A.2d 1258, 1262 (Pa. Cmwlth. 2000), that did not dictate that any and all disputed treatments necessarily have the same UR outcome.

5

**IN THE COMMONWEALTH COURT OF PENNSYLVANIA**

Franklin Johnson,                                          :
                   Petitioner          :
                                        :
                v.                          :    No. 2074 C.D. 2013
                                          :
Workers' Compensation Appeal                :
Board (Abington Memorial Hospital),         :
                     Respondent         :

## O R D E R

AND NOW, this 13th day of August, 2014, we hereby GRANT Respondent's motion to dismiss the petition for review of Petitioner Franklin Johnson.

 

_____
**BONNIE BRIGANCE LEADBETTER,**
Judge